# Commonwealth *v.* Zappe et al., Appellants.

*Practice, Supreme Court—Assignments of error.*

It is improper to assign error as follows: "The evidence in this case does not justify nor sustain the verdict. The verdict was against the law."

*Isolated portions of charge.*

It is improper to assign as error isolated sentences wrenched from their position and connection in the general charge, which when read in their proper connection are free from error.

*Omission in charge.*

If the trial judge fails to charge upon some point which counsel regard as essential, the judge's attention should be called to it before the jury leave the bar, in order that he may correct any omission.

*Conduct of district attorney in addressing jury.*

The manner in which the district attorney argued a case to the jury is for the consideration of the court below upon a motion for a new trial. It is not reviewable in the Supreme Court.

Argued Feb. 13, 1893. Appeal, No. 29, Oct. T., 1892, by defendants, Angelo Zappe and Joseph Zappe, from judgment of O. & T. Allegheny Co., Sept. T., 1892, No. 36, on verdict of guilty of murder in the first degree. Before Paxson, C. J., Sterrett, Green, McCollum and Dean, JJ.

Indictment for murder.

At the trial, before Kennedy, P. J., the evidence tended to show that on July 4, 1892, Frank Helmstetter was stabbed by defendants, and died from the result of his wounds. The evidence also tended to show a deliberate intent to kill.

The court charged in part as follows :

" [If you are satisfied beyond a reasonable doubt, that the killing was willful, deliberate and premeditated, and that the intention to kill existed in the minds of these two defendants when they came from their house and made the assault upon the decedent, as claimed by the commonwealth, then your verdict should be guilty of murder of the first degree as to both of them, because the killing, if done only by one, was done in pursuance of the common purpose and plan agreed upon between them.] [6] If, however, you should find that Joseph Zappe had no such purpose or intention, and did not participate in any way in the assault which resulted in the death of Helmstetter, your verdict as to him should be not guilty. Although there may not have been any intention to kill—if there was no willful or premeditated killing—then was the killing done under such circumstances as would constitute murder of the second degree, by both or either of these defendants? Was it done " under circumstances of depravity of heart and a disposition of mind regardless of social duty, but where no intention to kill existed or could be reasonably and fully inferred ? " If so, then your verdict should be murder of the second degree, as to both or either of these defendants, as you find their participation in the commission of the crime. If you find that the circumstances do not exhibit wickedness of disposition, depravity of heart, recklessness of consequences or cruelty, your verdict should be that of manslaughter as to both or either of these de-

fendants, as you find their participation in the commission of the crime. But, as I have said to you, the burden of reducing the crime from murder of the second degree to manslaughter rests upon the defendants, that is, if you find that murder has been committed.

" In considering this case, gentlemen, you start with the presumption in favor of the innocence. of the prisoners. The first question will be, are they, or either of them, guilty of murder? [If they, or either of them, formed the design to kill Helmstetter, and in pursuance of this purpose they, or either of them, prepared the weapon, carried it with them and used it on the occasion, then that is murder.] If, at the time, they, or either of them, thought of this purpose to kill, and had time to think that they, or either of them would execute it, and formed fully in their minds the conscious design of killing, and had time to think of the weapon they had prepared, and that they would use, and so did use it, that would be murder of the first degree.] [7] But if, although they had prepared the weapon intending to use it, the attack was made upon them and they had no real intention of killing Helmstetter, did not deliberate upon the act, but in the suddenness of the occasion, and impetuousness, intending only to cut or wound, or do some bodily harm, that would be murder of the second degree. If, however, you believe that the weapon was not prepared at all for the occasion, that there was no previous purpose or intention to kill or to do great bodily harm, but that it was done under the impulse of passion caused by the blows, as I have said, upon Angelo Zappe, and the blow was struck without any malice at all, the crime would be manslaughter."

Verdict, murder in the first degree. Defendants appealed.

*Errors assigned* were: (1) " The evidence in this case does not justify nor sustain the verdict. The verdict is against the law;" (2, 3, 4) in not sustaining challenges to jurors; (5) in not granting a new trial; (6, 7) portions of charge, as above; (8) in not instructing the jury that their finding on the question of intention to take life should rise out of the evidence and not rest upon theory; (9) in not instructing the jury fully as to the law of self-defence, and as to the rights of a husband in defence of his wife; (10) in not giving full instruction to the jury as to the value of the element of previous good char-

acter in a case; (11) the manner in which the district attorney argued it to the jury: (*a*) Exhibiting to the jury a knife which had not been offered in evidence.   (*b*) Saying to the jury that " one wound was upward and the other downward, and therefore they were made by two different hands."   (*c*) In stating to the jury that the purpose to kill Helmstetter was formed in the house between Angelo Zappe and Joseph Zappe before they came out.   Reasons for challenges were not given.

*D. B. Maxwell, W. H. McGary, J. R. Braddock* and *E. A. Montooth* with him, for appellants.

*Clarence Burleigh*, district attorney, for commonwealth, not heard.—The action of the court below is sustained in Jewell v. Com., 22 Pa. 94; Foust v. Com., 33 Pa. 338; Rolland v. Com., 82 Pa. 306; Showers v. Com., 120 Pa. 573; Com. v. Nicely, 130 Pa. 269.

OPINION BY MR. CHIEF JUSTICE PAXSON, February 27, 1893:

The appellants were convicted in the court below of murder of the first degree.   The first five specifications of error either do not conform to the rules of court or refer to matters not assignable as error.   The sixth and seventh specifications allege error in certain portions of the charge of the learned judge. The portions of the charge thus assigned as error are isolated sentences wrenched from their position and connection in the general charge.   When read in their proper connection they are free from error.

The eighth, ninth and tenth specifications allege that the learned judge erred, not in what he did say to the jury, but in what he did not say.   We think the charge was sufficiently full and accurate.   If the judge fails to charge upon some point which the prisoner's counsel regard as essential to the defence, it is only fair to the trial judge that his attention should be called to it before the jury leave the bar, in order that he may correct any omission, if any has been made.   It would require a very strong case to induce us to reverse a judgment after a trial upon the merits for any such reason as is set forth in these specifications.   We have not the case before us of a wholly inadequate charge.

The eleventh specification alleges that the judgment should be reversed, because of the manner in which the district attor-

ney argued it to the jury. This was a matter for the consideration of the court below upon the motion for a new trial. It is not reviewable here for the plain reason that the manner of the district attorney does not come up with the record.

The judgment is affirmed, and it is now ordered that the record be remitted to the court of oyer and terminer for the purpose of execution.