Commonwealth *v.* William Montpleisir, Appellant.

Argued September 29, 1930.

Before KELLER, LINN, GAWTHROP, CUNNINGHAM and WHITMORE, JJ.

*Orrin E. Boyle,* for appellant.

*Russell C. Mauch,* District Attorney, and with him *William G. Barthold,* Assistant District Attorney, for appellee.

OPINION BY KELLER, J., November 20, 1930:

None of the nineteen assignments of error filed in this appeal warrants a reversal of the judgment.

The charge was simple assault and battery. The evidence produced by the Commonwealth showed an unprovoked attack by the defendant on the prosecutor, who had shortly before come to Nazareth, Pa., and obtained work at a hosiery mill, while a strike by the mill operatives was in progress. Appellant was a former employee of the mill, and the prosecutor, a 'strike-breaker.' The assault occurred just outside a beer saloon, which they had separately entered, each accompanied by friends, but which they left together, or at about the same time. The prosecutor was unquestionably attacked and beaten, but appellant denied having been present at or taken any part in the affair, and he was supported by a number of his companions, all of whom testified that they had no part in the attack.

1. Appellant's first complaint is the refusal of the trial judge to permit the defendant to cross-examine a witness for the Commonwealth concerning matters which tended to show his interest, favor, bias or feeling against the defendant, or affect his credibility. The appellant's difficulty is that the record fails to show such refusal. The prosecutor admitted three or four times that he had drunk three glasses of 'good' beer while in the saloon, but denied that he was affected by it. What he *expected to get* when he asked for 'good' beer was wholly irrelevant. The prosecutor also admitted that he was a 'strike-breaker', but the further cross-examination along that line went far afield, and instead of tending to show the witness' bias or feeling against the defendant or to affect his credibility was irrelevant and immaterial and had no bearing on the issue in controversy.

2. Appellant next complains that the court in its charge extensively reviewed and emphasized the evidence on behalf of the Commonwealth and minimized or disregarded that of the defendant. A careful reading of the charge fails to support the complaint. Three pages of the charge were devoted to the testimony of the Commonwealth's witnesses and to a review of the facts in evidence as to the alleged attack, but, although defendant's story was a simple denial that he and his friends had any part in the assault and battery, three pages were likewise devoted to a review of the evidence of his witnesses. A charge cannot be pronounced unfair and biased in favor of the Commonwealth simply because it devotes more time to the evidence of the prosecution than of the defense; and especially so if the defense consists of a denial that the accused was present when the crime was committed. It is the fairness and adequacy of presentation that is the important point and in this we find no just ground for complaint.

3. Appellant's counsel himself brought out the fact of the strike of the mill's employees, the employment of strike breakers, and the ill feeling between the strikers and those working at the mill. He cannot complain because the court in its charge referred to the incidents which distinguished the case from the ordinary assault and battery and rendered it of importance in the preservation of peace and good order.

4. If the court below is satisfied that the reasons for a new trial presented by a convicted defendant are trivial and without legal justification and raise no questions which require further consideration by it, it may dispose of the motion forthwith and without argument. In fact, in clear cases such a course is to be recommended in the interest of speedy justice. We find no error in such action by the court below in this case.

The assignments of error are overruled and the judgment is affirmed.