## Commonwealth *v.* Kazmierowski et al., Appellants.

36

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*Gilbert Cassidy, Jr.,* and *Hugh D. Scott, Jr.,* with them *Thomas M. J. Vizard,* for appellants.

*Raymond A. Speiser,* Assistant District Attorney, with him *John H. Maurer,* Acting District Attorney and *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY STADTFELD, J., February 28, 1942:

Appellants were indicted for the crimes of abortion and conspiracy. They were tried before BOK, J. and a jury. The trial resulted in a verdict of guilty as to both defendants on both indictments.

Appellants' principal contention is that the trial judge erred in his charge with respect to reasonable doubt. The trial judge charged, inter alia, as follows: "The defendants are, of course, presumed to be innocent, and in order to convict them you must be satisfied beyond a reasonable doubt of the Commonwealth's evidence. It is the duty of the Commonwealth to prove its case beyond a reasonable doubt. You must discard any doubt which you would have that would relieve you

of the unpleasant duty of saying that these people are guilty of this kind of charge. It is not the kind of doubt that belongs in a courtroom. The only kind of doubt which does belong here and which must work to the benefit of the defendants is an honest and substantial doubt arising from the evidence, and from the evidence alone, which would fairly strike your mind and cloud your judgment, and which in a matter of importance to yourselves, would make you hesitate before acting on similar evidence. If you have that kind of doubt, you must give it to the defendants and find them not guilty. If you don't have it, it is equally your duty under your oaths to convict."

Appellants complain of an isolated sentence in which the trial judge cautioned the jury to "discard any doubt which (it) would have that would relieve (it) of the unpleasant duty of saying that (the defendants) are guilty." When the charge is read as a whole it is clear that the jurors were properly cautioned to dismiss from their minds any doubt which they might conjure up to avoid an unpleasant duty.

Appellants contend that the failure of the trial judge to inform the jury that a reasonable doubt might arise out of the *lack* of evidence, as well as out of the evidence introduced, was fundamental error.

In *Commonwealth v. Barrish,* 297 Pa. 160 (1929), 146 A. 553; *Commonwealth v. Apriceno,* 131 Pa. Superior Ct. 158 (1938), 198 A. 515; *Commonwealth v. Koss,* 136 Pa. Superior Ct. 173 (1939), 7 A. 2d 20; *Commonwealth v. Katz,* 138 Pa. Superior Ct. 50 (1939), 10 A. 2d 49, instructions that the doubt must be one arising "from the evidence" were approved. And in *Commonwealth v. Kluska,* 333 Pa. 65 (1939), 3 A. 2d 398, after reviewing the entire subject of reasonable doubt, Justice STERN, speaking for the court, concluded that jurors should not condemn "unless so convinced by the evidence that they would venture to act upon that convic-

tion in matters *of the highest importance* to their own interests; ......"

A careful reading of the charge convinces us that every element in the testimony relative to the charges was fully discussed. The court charged that only if the drugs were administered or an instrument used with "the intent to procure a miscarriage," could the defendants be convicted. It is manifest that no such intent could be found without a previous finding of knowledge of pregnancy. The court further charged that Trygor was to be acquitted on the abortion charge if the pills administered by him were only innocent cold pills, and that only if the jury believed beyond a reasonable doubt that the pills were administered for the purpose of aiding the miscarriage could he be convicted of abortion. This was more than the appellant Trygor was entitled to. In view of the court's instruction, we fail to see how it can be argued that the alleged "lack of evidence" with respect to knowledge of pregnancy was kept from the jury's consideration. On the contrary, they were specifically instructed that conviction could follow only if the jury found "beyond a reasonable doubt" that the pills were administered to induce or to aid in inducing the miscarriage, which obviously implies a determination of the question of knowledge of pregnancy.

Appellants ignore that portion of the charge which directed the acquittal of Trygor on the charge of abortion if the jury believed his pills were innocent cold pills. If the pills were innocent pills this could mean either that the doctor was unaware of the pregnancy, or, if aware of it, that he had not any intention of interfering with it. The jury's verdict of guilt on the abortion charge therefore must mean that they believed that the pills were not innocent cold pills, and, therefore, that the doctor knew of the condition of pregnancy.

The trial court was not requested in any of the points submitted to define reasonable doubt. It is fundamental

that exceptions cannot be predicated upon a failure to give instructions which were not requested when the court has charged fully. *Commonwealth v. Morrison,* 193 Pa. 613, 44 A. 913. And where the trial judge fails to charge upon some point which counsel regards as essential, it is the duty of counsel to call the court's attention to it before the jury retires, so that any proper corrections or additions might be made. *Commonwealth v. Corrie,* 302 Pa. 431, 153 A. 743; *Commonwealth v. Thomas,* 275 Pa. 137, 118 A. 667; *Zell v. Commonwealth,* 94 Pa. 258.

In the instant case, not only were no written requests for instructions on reasonable doubt made, but after the charge, when counsel were asked by the trial court whether any additional instructions were desired, counsel for the appellant Kazmierowski replied "No," and counsel for the appellant Trygor only requested that the court charge upon the credibility of the prosecutrix's testimony. Having sat silent and taken their chances with the jury and lost, appellants should not now be heard to complain that the court's charge was not couched in the language they deemed proper.

We have carefully examined the record and find no errors in the matter of rulings on the admission or rejection of testimony.

Appellants assign as error that they were prejudiced by reason of the court's language in making references to the prosecutrix as "girl," "child" and "Marie." We do not believe that the use of these terms aroused undue sympathy for her nor cast suspicion upon the value of the testimony.

We believe that the defendants had a fair trial; that the case was submitted in a comprehensive and fair charge to the jury; and that the verdicts are fully sustained under the evidence, a detailed review of which would serve no useful purpose.

There is however one matter which requires correction. The defendant Eugenia Kazmierowski was sen-

tenced on the charge of abortion to undergo imprisonment in the State Industrial Home for Women located at Muncy, Pa. for a term of not less than two and a half years nor more than five years. The sentence imposed on this defendant was not in accordance with the act creating the State Industrial Home for Women at Muncy, Act of July 25, 1913, P. L. 1311, as amended by Acts of May 14, 1925, P. L. 697 and June 22, 1931, P. L. 859, (61 PS §566), and hence must be modified in accordance with the said act as applied in the case of *Commonwealth v. Meyers*, 146 Pa. Superior Ct. 352, 22 A. 2d 81, calling for the imposing of a general sentence without fixing or limiting the duration of confinement.

The assignments of error are overruled and the judgment in each case is affirmed, and the record is remitted to the court below with direction to impose upon the defendant, Eugenia Kazmierowski, a general sentence of confinement in the State Industrial Home for Women. in accordance with the Act of 1913, as amended, and it is ordered, that both defendants appear before the court at such times as they may be called, and that they be by that court committed until they have complied with their respective sentences, or any part thereof which have not been complied with at the time the appeals were made a supersedeas.