## Commonwealth *v.* Magliarditi, Appellant.

Argued December 10, 1945, Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*J. S. Jiuliante,* with him *Charles A. Mertens,* for appellant.

*D. J. McLaughlin,* Acting District Attorney, with him *Wayne A. Gleeten,* Assistant District Attorney, and *Burton R. Laub,* District Attorney, for appellee.

OPINION BY RHODES, J., January 18, 1946:

Defendant was convicted of robbery. He moved for a new trial and for arrest of judgment. Both motions

were dismissed and sentence was imposed. This appeal is from the judgment.

Defendant and one Fred W. Dey engaged in a crap game. Dey was the winner, and defendant asked him for some money which the latter refused to give him. Defendant said: "I will take it away from you." Defendant thereupon threw Dey to the floor and grabbed him by the throat, saying, "I will choke you." Defendant took $1,165 from Dey's pocket, and refused to return it.

The facts established by the Commonwealth were accepted by the jury with the result that defendant was found guilty of robbery, and we think they were sufficient to sustain the conviction.

The points which are now presented by defendant were not depended upon at any prior stage of this case; and we are not impressed, on the facts shown, that they have any merit.

Defendant's first contention is that the forcible collection of a debt is not robbery.

The trial judge gave adequate instructions as to what constituted the offense of robbery, including intent as a necessary element. The defense was that Dey voluntarily gave the money to defendant in settlement of a debt. The judge referred to this in his charge, and stated, if believed by the jury, a verdict of not guilty should be returned.

Defendant's complaint that the charge was erroneous is the result of a theory belatedly presented that defendant's purpose in taking the money was to apply it on an indebtedness owed to him by Dey, and consequently that there was never any intent to steal. Defendant testified that he made no demand for any money from Dey while he was down, that he did not strike Dey, that he did not have his hands on Dey's throat, that Dey merely handed him the money for the payment of a debt. In his brief defendant now contends that the trial judge should have charged, contrary to his own testimony, that taking the money forcibly for the purpose of applying it on a

preëxisting indebtedness was not robbery. If the contention of defendant were conceded to be the law, failure of the trial judge to incorporate such statement in his charge is not, under the circumstances, reversible error. Had defendant testified that he took the money by force for the reason given, the record would present a question consistent with defendant's argument. Cf. *Bauer et al. v. State*, 43 P. 2d 203.

The trial judge presented the issues to the jury as raised. Before concluding his charge the trial judge asked counsel whether any further instructions were desired. On the question of intent to steal, additional instructions were given. Thereafter no further requests for charge were made by defendant's counsel. There was no fundamental inadequacy in the charge and only a general exception was taken thereto. See *Com. v. Zappe et al.*, 153 Pa. 498, 501, 26 A. 16; *Com. v. Bruno*, 316 Pa. 394, 402, 175 A. 518.

Defendant further complains for the first time that the trial judge should have instructed the jury that the forcible retaking of money lost at gambling is not robbery. It is sufficient to add to what we have said that more money was taken from Dey than defendant himself had lost.

Defendant's final contention is that in the absence of any request the trial judge should have instructed the jury that they could find defendant guilty of assault and battery, and not guilty of robbery for which he had been indicted; and that he erred when he charged, "You will return one of two verdicts: guilty or not guilty." It is true that defendant could have been acquitted of the offense charged and yet have been convicted of a constituent offense involved within it. *Com v. Anagustov et al.*, 82 Pa. Superior Ct. 156, 158. Unquestionably, the trial judge would have so charged had he been called upon to do so. The failure to so charge in the absence of a request for such an instruction is not error. *Com. v. Peach*, 170 Pa. 173, 176, 32 A. 582. As it was, the charge was favorable to defendant.

Judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.