## Commonwealth *v.* Kohl, Appellant.

Argued March 21, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Mark C. McQuillen,* with him *Leon Ehrlich,* for appellant.

*John E. Ruth,* District Attorney, with him *John P. Wanner,* First Assistant District Attorney, for appellee.

OPINION BY RHODES, P. J., July 15, 1949:

This is an appeal by defendant from a conviction and sentence on a charge of operating a motor vehicle while under the influence of intoxicating liquor. Defendant's complaints on this appeal are confined to alleged errors in the charge of the court. At the end of the charge, counsel were asked whether any further instructions were desired; no further requests for charge were made by defendant's counsel; and only a general exception has been taken to the court's charge. See *Com. v. Thomas*, 275 Pa. 137, 139, 118 A. 667; *Com. v. Kazmierowski*, 148 Pa. Superior Ct. 35, 39, 24 A. 2d 653. Under such circumstances a defendant cannot complain on appeal of the inadequacy of a charge without showing that the alleged omissions contributed to the jury's verdict to his prejudice. *Com. v. Bruno*, 316 Pa. 394, 402, 175 A. 518; *Com. v. Magliarditi*, 158 Pa. Superior Ct. 461, 463, 45 A. 2d 244. In this case the charge of the court was not prejudicial to the defendant, and it contains no fundamental inadequacy or basic error. See *Com. v. Ricci*, 161 Pa. Superior Ct. 193, 196, 54 A. 2d 51. The judgment will be affirmed.

The sufficiency of the evidence to sustain the conviction is not questioned. The Commonwealth's evidence, consisting of the testimony of two police officers who observed defendant's conduct, and who gave him the standard sobriety test, was ample to warrant the jury's verdict. See *Com. v. Long*, 131 Pa. Superior Ct. 28, 198 A. 474. Defendant testified at length in his own behalf, and denied that he operated his automobile while under the influence of intoxicating liquor. Six witnesses testified as to defendant's good reputation for sobriety.

Defendant's first complaint is that the charge of the court was inadequate and prejudicial to him in that the trial judge, while fully reviewing the Commonwealth's evidence, neglected or disregarded that of the defendant. Defendant concedes that the comparative space devoted

to a review of the evidence of the Commonwealth and of that of the defendant is but one factor to be considered. The court's review of the Commonwealth's evidence covered forty-seven lines of the printed record, while seventeen lines are devoted to that of the defendant. However, a reading of the charge shows that the trial judge adequately presented the issues to the jury as raised. Defendant's version of the case—that he was somewhat fatigued from long driving, that he had a somewhat crippled right arm, and that he was not under the influence of intoxicating liquor—was clearly and fairly submitted to the jury. The nature and extent of the Commonwealth's evidence required more time and space to review than did that of defendant. A charge cannot be pronounced unfair and biased simply because it devotes more time to the evidence of the prosecution than to that of the defense. *Com. v. Montpleisir*, 100 Pa. Superior Ct. 91, 93; *Com. v. Musto*, 348 Pa. 300, 307, 35 A. 2d 307. This objection to the charge of the court is entirely without merit.

Defendant complains that the instruction of the trial judge as to character evidence being substantive evidence was inadequate because the statement was interpolated within that portion of the charge dealing with reasonable doubt. The trial judge in stating the effect to be given to evidence of good character charged: "But the doubt which the law means is that if after fairly considering all the credible evidence in the case, including the character testimony—for I will say to you that character testimony is not merely a makeweight which the law permits a defendant to bring in, but may in itself and by itself, if the jury see fit to give it such force, be sufficient to raise a reasonable doubt of the guilt of the defendant in the minds of the jury—I say to you, therefore, that after considering all the credible evidence in the case, including the testimony as to the defendant's prior reputation in his community, or the testimony

that his reputation has never been heard to be questioned, if after considering all the credible testimony there arises from it or from any part of it and remains in your minds a doubt of the guilt of the defendant of the offense with which he is charged . . ., then of such a doubt a defendant should be given the benefit and should be found not guilty." This instruction set forth the rule that evidence of good character is substantive evidence which may of itself create a reasonable doubt, and that it is not a mere makeweight to be considered in a doubtful case. *Com. v. Padden*, 160 Pa. Superior Ct. 269, 275, 50 A. 2d 722. The charge of the court contained an adequate statement of the law relating to the weight to be given character evidence, and in this respect it was not subject to a valid objection.

The trial judge, in his charge, defined reasonable doubt as "a doubt such as is honest, arises from the evidence, and persistently remains in your minds, and is such a doubt as in a matter of *ordinary importance* to yourselves would cause you to pause and hesitate, . . ." (Italics supplied.) We are of the opinion that the language used was in substance (*Com. v. Rosen*, 141 Pa. Superior Ct. 272, 281, 282, 14 A. 2d 833) a compliance with the standards set up by our Supreme Court in *Com. v. Kluska*, 333 Pa. 65, 73, 74, 3 A. 2d 398, especially in the absence of any request by counsel for amplification. *Com. v. Glickstein*, 151 Pa. Superior Ct. 421, 426, 30 A. 2d 147. However, adherence to approved definitions of reasonable doubt is the better practice. *Com. v. Meigio*, 145 Pa. Superior Ct. 335, 340, 341, 20 A. 2d 907.

Prior to the conclusion of the charge of the court defendant's counsel, in response to an inquiry by the trial judge as to whether counsel wanted an additional recital of the testimony, requested further instructions "as to the effect of so-called character testimony, as to what reputation is established by the fact that it isn't

questioned." Defendant now complains that the trial judge did in fact ignore this request, and thereupon gave detailed instructions as to when a person may be considered under the influence of intoxicating liquor. The trial judge had, earlier in his charge, set forth correctly and simply the law relating to the weight and effect to be given to evidence of good character, and he cannot be convicted of reversible error for failure to repeat the instruction. *Com. v. Mezick*, 147 Pa. Superior Ct. 410, 422, 24 A. 2d 762; *Com. v. Weinstein*, 133 Pa. Superior Ct. 237, 244, 2 A. 2d 555.

The charge of the court as a whole was not prejudicial to defendant; the issues were fairly presented to the jury; and defendant has no just cause for complaint.

Judgment is affirmed.