## Commonwealth *v.* Phillips, Appellant.

Argued March 29, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Irving W. Coleman,* with him *Martin A. Kutler,* for appellant.

*George Weitzman,* Assistant District Attorney, with him *John B. O'Brien,* Assistant District Attorney, and *Jacob A. Raub,* District Attorney, for appellee.

OPINION BY ARNOLD, J., July 19, 1951:

Defendant appeals from a conviction of operating a motor vehicle while under the influence of intoxicating liquor. Two state patrolmen found the defendant sleeping while seated behind the wheel of his automobile, which was parked at the edge of the highway. When the officers opened the door of the car there was a strong odor of alcohol. They finally succeeded in arousing him. His eyes were glazed, his face was flushed, his speech was thick, and he had an alcoholic breath. When asked to produce his license he did not seem to understand, but after some difficulty complied. The officers told him to "sleep it off." Instead of so doing the defendant drove away and was apprehended.

The officers observed that he staggered; and he was unable to perform balance and coordination tests. He was. taken to a doctor who, after examination and tests, pronounced him under the influence of liquor. He admitted he had "a few drinks." He denied that he was unable to drive, and attributed his staggering to defective feet, but at the trial produced no medical evidence to that effect.

Defendant alleges there was insufficient evidence that he was under the influence of liquor. This contention is overruled without discussion. There was ample evidence from which the jury could infer, as would most reasonable persons, that he was under the influence of liquor. Cf. *Commonwealth v. Kohl,* 164 Pa. Superior Ct. 630, 67 A. 2d 451; *Commonwealth v. Long,* 131 Pa. Superior Ct. 28, 198 A. 474; *Commonwealth v. Buoy,* 128 Pa. Superior Ct. 264, 193 A. 144.

When the officers took the defendant before a doctor he wanted to have his own physician summoned from a distance of some 25 miles and to be present at the examination. The officers, properly, refused to defer the examination for such a time,—when some of the effect of the defendant's drinking would have worn off. It is alleged that the defendant was denied his constitutional rights in that the due process clause was violated. It is palpable that no constitutional rights of the defendant were invaded by reason of the officers' refusal to delay the examination 40 to 50 minutes.

The defendant admits that the original charge of the court was unimpeachable; but the jury requested further instructions as to whether "under the influence of intoxicating liquor" meant that a man had to be incapable of driving the vehicle. The court responded with an additional charge, to which no objection was made nor exception taken. In this additional charge the court said: ". . . the test is not whether a

man is able or unable to drive his car. . . [but] first: 'Did he indulge in intoxicating liquors?' and if so: 'Did he do it to the degree and extent that it would tend to deprive him of his clearness of intellect, which makes for a lack of mental and physical coordination?'" The statement was not susceptible of any misunderstanding and is in accord with all the cases. But the appellant picks out one isolated sentence, which we italicize: After referring to an abnormal condition which is the result of indulging in intoxicating liquor *to any degree,* the court said: *"That could be a drop, a thimbleful or a spoonful, but it doesn't stop there; . . .* the words. . . must be taken in connection with what follows: '. . . which tends to deprive him of that clearness of intellect and control . . . which he would otherwise possess.'"

There was no error in the additional charge, which simply laid before the jury the answer to the question which was asked by it. Even the isolated sentence alone,—". . . 'the result of indulging in any degree of intoxicating liquor.' That could be a drop, a thimbleful or a spoonful. . . ,"— was not error. There is a well known analogy concerning the calamity that befell the camel which by degrees was overloaded.

The defendant had a fair trial and received every consideration to which he was entitled.

Judgment affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.