Commonwealth *v.* Heatter, Appellant.

Argued November 17, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*F. Logan,* with him *Robert C. Duffy, Thomas C. Egan* and *Nathan Reibman,* for appellant.

*Alfred M. Nittle,* Assistant District Attorney, with him *Elias W. Spengler,* District Attorney, for appellee.

OPINION BY HIRT, J., January 14, 1955:

Defendant was charged, in the language of §722 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4722 with assault and battery upon one Miriam E. Blose, with intent forcibly and against her will, to have

unlawful carnal knowledge of her. He was found guilty as indicted and was sentenced. The defendant in the court below presented his motion in arrest of judgment, alleging that the evidence was insufficient to sustain the charge; and in the alternative he moved for a new trial on the ground the trial judge neglected to charge the jury that the defendant could be found guilty under the indictment of the lesser crimes of indecent assault or of mere assault and battery. A review of the testimony, of necessity somewhat in detail, will demonstrate that the lower court properly refused both motions.

Miriam E. Blose, a woman whose character and reputation have not been questioned, is a widow who lives with her two young children and her daughter-in-law in a rural section of Lehigh Township. Their bedrooms are all on the second floor of the house. About 3 o'clock in the morning of September 1, 1953, the defendant pushed up the lower sash of an unlocked first-floor window and climbed through it into the house and then went up the stairway to the upper floor. The house was completely dark at that time except for a small night light in the room of Alberta Blose, the daughter-in-law. Miriam Blose was awakened by the defendant who came upon her bed and put his hands on her legs. He crawled upon her and she testified "he had his private part against mine to have intercourse." She tried to get up but he held her down by her shoulders. She was successful however in preventing penetration. Her nine-year-old daughter who slept with her, when awakened by the acts of the defendant, left the bed and called to her sister Susan in a bedroom across the hall. Susan turned on a hall light and through the open door saw the defendant on top of her mother who then was trying to push him off. In outraged anger she called to defendant "to get

off her." When defendant finally did desist, Mrs. Blose and her children all went into the room of the daughter-in-law and barricaded the door. The defendant tried unsuccessfully to get into that room. They later heard the defendant go to the floor below and because they were convinced that he had not left the house, one of the daughters was lowered to the ground from a second story window. She went to a neighbor's house and the State police as well as the township police were called from there. We have referred to the man who molested Mrs. Blose as the defendant although he was not identified until the police arrived at the house about 4:30 a.m. They found him, either asleep or feigning sleep, sitting on a davenport in the living room. When aroused, he acted, again either sincerely or as a pretense, as though he believed that he was in his own home. At the trial the defendant took the stand but he neither admitted nor denied the charge of the indictment. He testified that between four in the afternoon and midnight of the day in question he had been drinking with friends and had consumed in all, 18 bottles of beer; and that after he left them he met up with a stranger at a gas station and went with him to a hotel in Slatington and there drank ten or twelve additional bottles of beer. He stated that when he went to his automobile, on leaving the hotel, "that is the last I remember until I woke up in the yard of Mrs. Blose [at about 4:30 a.m.] where the State cop had been twisting my arm." He had driven his automobile to within 300 feet of the Blose house and had parked it there on the highway. His defense was intoxication and amnesia because of it. But his contention that he was so drunk that he was incapable of conceiving the intent necessary to the crime of assault and battery with intent to ravish, was disposed of adversely to him by the jury on impartial and adequate

instructions by the trial judge as to the law applicable to that defense, in the light of the facts as the jury should find them. Three police officers who saw him at the Blose home, when they arrived there, testified that although defendant showed signs of having been drinking, he was not drunk. He could walk without support. There is testimony that he was sober at five o'clock that same morning and at that time he admitted that he was guilty of assault and battery. At 5:30 the State police took him to his car where it was parked on the highway and allowed him to drive it away unattended. In their opinion he then was in condition to drive. Defendant appeared at the Blose home late in the same morning and wanted to settle for "any damage" he had caused. Although his offer was refused, $10 was found on a chair after he had left; he said that he left it there unintentionally.

We agree with the lower court that the defendant's testimony was so inconsistent with his conduct, and the defense interposed so improbable, as to be unworthy of belief. The weight of defendant's testimony was for the jury and the verdict is clearly supported by the credible evidence.

The case was well tried and the defendant's rights were studiously protected by the trial judge in every respect. The case was submitted to the jury in a charge which impartially reviewed the facts and clearly instructed the jury as to the applicable principles of law. At its close counsel were invited to suggest "errors, corrections, or omissions" in the charge. Defendant's counsel, who ably represented him throughout the trial, did not request further instructions on any phase of the case and did not except even generally to the charge.

The defendant, here, admittedly entered the Blose home at night, and under the circumstances the testi-

mony would have supported a charge that the entry was upon an intent to commit a felony therein, to-wit: the felony of §722 of The Penal Code, which is declarative of the definition of rape at Common Law. Cf. §901 of The Penal Code, 18 PS §4901, to the effect that "Whoever, at any time, wilfully and maliciously, enters any building, with intent to commit *any* felony therein, is guilty of burglary . . ." (Emphasis added). However, under the unchallenged testimony of Miriam Blose as to the conduct of the defendant in her bedroom, it is idle to argue that he may have been guilty of assault and battery only or of indecent assault which consists in "the taking by a man of indecent liberties with the person of a female without her consent and against her will, *but with no intent to commit the crime of rape*": *Com. of Penna. v. DeGrange*, 97 Pa. Superior Ct. 181. (Emphasis added.) *Commonwealth v. Balles*, 163 Pa. Superior Ct. 467, 473, 62 A. 2d 91.

We are not called upon to express an opinion, however, as to whether, even if requested, it would have been fundamental error for the trial judge to refuse to charge the jury that the defendant under the circumstances could have been found guilty of a lesser offense. The elements of an offense such as discussed in *Commonwealth v. Jaynes*, 137 Pa. Superior Ct. 511, 10 A. 2d 90 and *Commonwealth v. Shrodes*, 354 Pa. 70, 46 A. 2d 483 are entirely lacking in this case. But we have held, in effect, that under an indictment containing a single count charging the felony of §722 of The Penal Code, a defendant may be convicted of indecent assault at common law. *Commonwealth v. Tuck*, 169 Pa. Superior Ct. 35, 82 A. 2d 288. And on a charge under §722 conceivably the facts may justify a conviction of assault and battery only. The difficulty with the defendant's contention in any view is his failure to request the trial judge to charge the jury

that he could be found guilty of one or the other of the lesser offenses, when the opportunity was afforded him. In the absence of a request for such additional instruction the lower court cannot be charged with reversible error. *Commonwealth v. Magliarditi,* 158 Pa. Superior Ct. 461, 45 A. 2d 244.

Judgment of sentence affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part of it that had not been performed at the time the appeal was made a supersedeas.