## Commonwealth *v.* Bell.

*Assault with intent to ravish—Question for jury.*

Where the several assignments of error raise but the single question whether there was sufficient evidence to be submitted to the jury of an intent to ravish and of the amount of force used, the appellate court will not disturb the verdict where the conduct of defendant in following the prosecutrix, supplemented by no lack of overt acts, culminating in a rude and violent assault and a persistent following after outcry made, amounted to legitimate evidence of the intent, and where the evidence disclosed an assault made with such force that only unusual agility enabled the prosecutrix to elude his grasp.

Argued March 14, 1900. Appeal, No. 33, March T., 1900, by defendant in a suit of Commonwealth of Pennsylvania against Peter Bell, from sentence of Q. S. Cumberland Co., Feb. Sess., 1900, No. 4, on verdict of guilty. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by BEAVER, J.

Indictment for assault and battery with intent to ravish. Before E. W. BIDDLE, P. J.

It appears from the testimony, as recited in the charge of the court, as follows : That on the night of Tuesday, November 14, about half past nine o'clock, as Edna Harris was going from the opera house northward on Pitt street with some of her girl friends, she saw a man with a light hat and coat come out of Dickinson alley, cross Pitt street, from Bretz's stable, and come over to the east side of the street, and follow them along Pitt street to the corner at which Williams's grocery store is located on Louther street. She testified that the man went out northward on Pitt street and she went down Louther street to West and out West street towards her home, and as she passed Locust alley on West street she noticed a man with a light hat and coat standing in the alley and he jumped and grabbed her by the shoulder. She says she shrieked and he ran after her when she had gotten herself loose, and finally turned back and ran down the alley. She testified that he had on a light overcoat, a light hat or cap, that she did not see his face, but he was

a light colored man.   She said he held her from three to five minutes and her shoulder was black and blue.

Miss Harris, her older sister, testified that she heard the shrieks at or about this time and she went to the door and let her sister Edna in.

Edna Harris also stated that this defendant at various times had gazed at her quite rudely while on the street, and that she had on several occasions turned her face away from him on account of his gazing.

Miss Widner testified that she was at the opera house on the night in question with Miss Harris, and that on walking northward on Pitt street with her she noticed a man with a light coat cross the street and walk northward on Pitt street behind the young ladies' of the party—five, I believe—between half-past nine and a quarter of ten o'clock.

Frank Wheatfield, a young man, said that on the evening in question he saw the defendant go into Dickinson alley, on West street, right opposite Dickinson College gate, and go down Dickinson alley towards Bretz's livery stable, and that he recognized Peter Bell, who is here as defendant.

Miss Fredericks stated that on the night in question, a little after nine o'clock as she was going home and passing Locust alley, she noticed Bell, whom she knew very well, standing close up against a butcher shop at the mouth of Locust alley, and that he then had on a light coat and a light slouch hat.

Defendant submitted among others the following points:

[1. There being no evidence produced on the part of the commonwealth of a specific intention to commit the crime of rape, the court should instruct the jury that there can be no conviction upon the first count of the bill of indictment. *Answer:* This point is refused.] [1]

[2. Before the jury would be warranted in finding the defendant guilty upon the first count of the indictment, there must be proof of an attempt to use force sufficient to overcome all reasonable resistance upon the part of the person assaulted, and there being no evidence sufficient to submit to the jury of the use of force upon the part of the defendant sufficient to overcome the will of the person named in the indictment as the person assaulted, and to forcibly have carnal knowledge of her

Vol. xiii—37

person, there can be no conviction upon the first count of the bill of indictment. *Answer :* This point is refused.] [2]

Verdict of guilty and sentence thereon.   Defendant appealed.

*Errors assigned* among others were (1, 2) refusal of defendant's first and second points, reciting same.

*Geo. Edward Mills*, with him *Stewart Leidigh* and *Robt. W. Irving*, for appellant.—In all such instances an intent to do the particular thing attempted is essential to make out the crime: Roberts v. People, 19 Mich. 401.

This particular intention must be charged in the indictment and proved as laid: Burke v. State, 5 Tex. App. 74.   See also article, "Intent on Crime," 9 Crim. Law Mag. p. 163.

If the intent is abandoned before enough of evil is done to constitute an attempt or a crime, no guilt is incurred, for the intent does not accompany so much of the act as is necessary to render it indictable: Pinkard v. Georgia, 30 Ga. 757.

To constitute the assault with intent to rape, the assault must be accompanied with the specific intention to rape ; to have carnal knowledge of the woman without her consent, and by the use of such force as would be sufficient to overcome such resistance as the woman should make.: Shields v. State, 32 Tex. App. 498.

The acts of the defendant were not of so conclusive a nature as to warrant the inference that the only purpose of the defendant was to commit the crime of rape.   They were equally consistent with an intention to commit (*a*) simple assault; (*b*) to commit robbery ; (*c*) to commit murder; (*d*) to have sexual intercourse providing the prosecutrix would consent; (*e*) to fondle her person with no further purpose in mind.

*W. A. Kramer*, district attorney and *J. E. Barnitz*, for appellee.—In the case of Com. v. Merrill, 80 Mass. 415, cited by appellant, the learned court says : "But there was an entire absence of all evidence of force.   There was proof of no act of violence, no struggle, no outcry and no attempt to restrain or confine the person of the prosecutrix which constitute the usual, proper and essential evidence in support of the charge of an

intent to accomplish a felonious purpose on the body of a female by force and against her will."

The case at bar contains all the foregoing ingredients deemed essential to support the charge of an intent to commit rape. A positive act of violence, a terrific struggle, shrieks and outcries, an attempt to restrain and confine the person of the prosecutrix, all proper and essential and sufficient to support the charge and sustain the verdict.

OPINION BY BEAVER, J., May 24, 1900:

The defendant was indicted, inter alia, for the statutory offense of assault and battery with intent to ravish. The several assignments of error raise practically a single question, was there sufficient evidence to be submitted to the jury (1) of the intent to ravish, (2) of the amount of force used in the assault upon the prosecutrix?

Criminal intent is usually hidden in the mind. It is not the subject of direct evidence except when avowed, and hence must be inferred from facts and circumstances. This of course is the province of the jury when there are facts, from which an intent can be inferred, to be submitted for their consideration. In the present case the previous conduct of the defendant in rudely staring the prosecutrix out of countenance, in following her and her companions from the opera house, in preceding her to the alley where he knew she would be compelled to pass on her way home after separating from her company, the manner of the assault, and following her after she had made her outcry,—all these facts were legitimate evidence of the intent and were fairly submitted to the jury.

The defendant rudely and violently attempted to take possession of the person of the prosecutrix, indeed his assault was so violent that the marks of his hands were visible in the discoloration of her person. It has been held in many cases that actual force is not necessary to constitute the offense of assault with intent to ravish; that deceit or fraud in securing possession of the person is sufficient even where there is no evidence of a touching thereof and as a battery may be the least touching of the person of another in a rude, angry or violent manner, if the intent to commit the greater crime is present in the mind it is not necessary that overwhelming force be used.

There is no room for question that the assault of the defendant was made with such force that only unusual agility enabled the prosecutrix to elude his grasp.

It is not necessary to consider the more subtle psychological influences which are present in the case, such as the awakening of an instinctive fear of the defendant in the mind of one of the companions of the prosecutrix. In the present development of mental science these are little understood and seem to have been rightly disregarded in the trial. There was no lack of overt acts of the defendant to justify not only their submission to the jury, but the conviction which followed. The case was fairly tried and the defendant suffered in no way at the hands of court or jury by reason of his color. A man of any color could and doubtless would have been convicted upon the same evidence.

The judgment is affirmed.