Com. of Pa. *v.* Smith, Appellant.

Argued September 24, 1933. Be-
fore KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and
PARKER, JJ.

*Paul S. Lehman,* for appellant.

*H. O. Lantz,* District Attorney, and with him *John T. Wilson,* Special Counsel, for appellee.

OPINION BY CUNNINGHAM, J., October 31, 1934:

Samuel Smith was convicted under an indictment charging him, substantially in the language of Section 93 of the Act of March 31, 1860, P. L. 382, 18 PS §2263, with having committed an assault and battery upon Ada Wise with intent to have unlawful carnal knowledge of her, forcibly and against her will, and now appeals from the sentence imposed upon him.

So far as the indictment, itself, is concerned, any one of three verdicts was possible—acquittal, guilty of simple assault and battery or guilty as indicted.

This background is disclosed by uncontroverted evidence: Appellant, who lives on West Third Street, Lewistown, Mifflin County, operates a barber shop in a building located about three blocks from his home and designated in the testimony as No. 11½ Valley Street. It is an apartment house, with appellant's shop and a beauty parlor on the first floor, and is under his control. Some months prior to the date of the alleged offense—September 28, 1933,—appellant rented a room on the second floor to the prosecutrix; she was of full age and employed at the plant of the Viscose Company. There is testimony upon the record indicating that her reputation for chastity was not beyond question, but the court correctly charged that such reputation, even if established to the satisfaction of the jury, did not deprive her of the protection of the law, or furnish any excuse for an assault upon her.

On October 10, 1933, H. J. Limes, a constable, went, at the instance of appellant, to the room occupied by the prosecutrix and notified her that appellant, by reason of complaints he had received relative to the

manner in which she shared her room, desired her to vacate, and that if she would pay a portion of the rent then due the balance would be remitted. On October 12th, the prosecutrix appeared before a magistrate and made an information against appellant in which she charged that he came to her room about three o'clock on the afternoon of September 28th and there committed an assault and battery upon her with intent to ravish.

The evidence for the Commonwealth consisted solely of the testimony of the prosecutrix, and, for the purposes of this appeal, we assume its truth and disregard appellant's positive denial and the testimony supporting his statement that he was at his home the entire afternoon.

The only assignment meriting serious consideration is the first; it charges error in refusing appellant's eleventh point, reading, "Under all the evidence, the verdict of the jury must be not guilty of assault and battery with intent to rape." On behalf of the Commonwealth, there was competent evidence showing, if believed by the jury, that appellant had taken unwarranted and indecent liberties with the prosecutrix, and had placed his hands upon her arm and dress in a manner so rude as to constitute, at least, the offense of simple assault and battery. His twelfth point, asking the court to direct a general verdict of not guilty, was therefore properly refused.

The serious question in the case is whether the evidence of the prosecutrix was legally sufficient to support a finding by a jury that the acts and declarations of appellant, as testified to by her, manifested an intent upon his part, not merely to persuade and induce her to accede to his expressed desire to have intercourse with her, but also, in the event of her refusal, to use whatever degree of physical force might be necessary to overcome her resistance. The learned trial

judge, as stated in his opinion overruling appellant's motions in arrest of judgment and for a new trial, thought it was sufficient "to warrant the finding of a purpose on the defendant's part to use such a degree of force as was necessary to accomplish his desires."

Upon a careful reading of the testimony for the Commonwealth, having in mind the principle that in order to sustain a conviction of the higher offense it had the burden of showing an actual, though ineffectual, attempt to have carnal knowledge forcibly and against the will of the victim of the assault, we are unable to agree with the view of the trial judge.

The salacious details of the testimony of the prosecutrix need not be repeated here. It is sufficient to say that, in our opinion, the only legally permissible inference from them is that appellant was rudely soliciting and urging the prosecutrix to permit him to have intercourse with her, but did not manifest an intention to use whatever force might be necessary. Her testimony was that when she repulsed his advances he desisted and promptly left the room, and that within five minutes after he had gone she started for her place of employment. Moreover, she admitted she neither made any outcry at the time, nor complained to anyone about appellant's alleged offense for a period of approximately two weeks. Such circumstances clearly distinguish this case from Com. v. Kretezitis, 111 Pa. Superior Ct. 5, 169 A. 417.

None of the matters complained of in the other assignments would warrant a reversal. It is true that the sentence—a fine of $25 and imprisonment in the county jail for forty-five days—is lighter than might be imposed upon a conviction of simple assault and battery, but the sustaining of this conviction would make a serious record against the appellant.

Our conclusion is that the trial judge should have affirmed appellant's eleventh point and instructed the

jury that, even if they believed all the testimony of the Commonwealth, the highest offense of which appellant could properly be convicted would be simple assault and battery. It, therefore, becomes necessary for us to direct that the case be retried.

Judgment reversed with a venire.