Commonwealth *v.* Jaynes, Appellant.

512

Argued October 26, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES, and HIRT, JJ.

*J. R. Smiley* with him *Wade K. Newell,* for appellant.

*Samuel J. Feigus,* with him *Frank M. Lardin,* Assistant District Attorneys, and *James A. Reilly,* District Attorney, for appellee.

OPINION BY KELLER, P. J., December 13, 1939:

The appellant was indicted, tried and convicted of having committed an assault and battery upon a young woman, with intent, forcibly and against her will, to have unlawful carnal knowledge of her, in other words, assault and battery *with intent to commit rape.* The applicable statute is section 93 of the Penal Code of 1860 (Act of March 31, 1860, P. L. 382, 18 PS sec. 2263) which makes such offense a misdemeanor. He was sentenced to the extreme imprisonment permitted by the statute.

The trial judge in his charge to the jury said: "The indictment charges a felony and you will have nothing to say about the costs." This was clearly erroneous, as a reference to the Penal Code would have disclosed, and settled the controversy on the point between the assistant district attorney and counsel for the defendant. In his opinion discharging the rule for a new trial, the trial judge, speaking for the court in banc, said: "The attention of the trial judge was not called to this matter of costs at the close of the charge and his attention was not called to the inadvertent statement that the case in question involved a felony." The recollection of the trial judge is not supported by the record, which shows the following:

"Mr. Smiley [attorney for defendant]: Now, March 7, 1939, before the jury retires and in the presence of the Court, the defendant excepts to the charge of the Court for the following reasons:

"The Court erred in instructing the jury that the case was a felony and they had nothing to do with the disposition of the costs.

"The Court erred in instructing the jury that the verdict would be guilty or not guilty.

"The Court erred in failing to instruct the jury that they could return a verdict under the evidence of simple assault and battery or of simple assault."

While a technical error, we would agree with the court below, that by itself, it did the defendant no harm, if the evidence clearly showed an intent on the part of the defendant to commit rape on the young woman—and the statute refers to the rape of a woman, *forcibly and against her will,* as provided for in section 91 of the Penal Code, before the amendment of May 19, 1887, P. L. 128. But while we are not prepared to say that there was no evidence to submit to the jury on this point, a careful review of the testimony in the case leaves us in considerable doubt whether the defendant ever intended to go to the extreme of forcibly committing a rape upon the young woman, if he was unable to gain her consent to sexual relations with him; and this, in connection with certain other errors in the charge, leads us to the conclusion that a new trial should be granted.

We agree with the court below that defendant's conduct was most reprehensible and should be severely punished, but if there was not present in his mind an intention to accomplish his purpose *by force,* if he was unable to obtain it otherwise, the punishment should be inflicted for simple assault and battery rather than assault and battery with intent to commit rape.

The evidence is convincing that against the wishes and consent of the young woman he took unwarranted liberties with her person while driving his automobile into the country, and also when there. This constituted an assault and battery, and, in the circumstances of the case, which need not be detailed, would have justified the extreme penalty for simple assault and battery. It was not necessary, in order to secure a conviction of

assault and battery, that he intended to *injure* her. The least intentional violence, in ever so small a degree, is sufficient to make out the offense: *Com. v. Yancer*, 125 Pa. Superior Ct. 352, 355, 189 A. 684.

The evidence is also convincing that defendant's purpose in taking the young woman out to the country, instead of driving her to the Lafayette Hotel in Uniontown, where she wanted to go, was to have sexual relations with her; but to our mind it falls short of clearly establishing that, if he could not gain her consent by cajolement and offers of money, he would proceed to extremes and forcibly commit rape upon her. The fact that after being with her for forty-five minutes, in a place where her outcry, if she had made one, could hardly be heard, he desisted from his approaches and drove her back to, or near, the Lafayette Hotel, leads us to believe that an intent to commit rape upon her, by force, was not formed in his mind.

In his charge to the jury—near its close—the trial judge said: "We have already said, I think, that a person's intentions can best be gathered from a person's conduct, and we say to you that the conduct of this defendant, from the beginning, would justify an inference on your part that he had the intention of having sexual relations with this girl. The question for you to consider seriously and to determine under your duty is whether he used force which, if used separately from the intention, *would amount to assault and battery* in his effort to carry out the intention that he undoubtedly had." (Italics ours).

The jury might well have concluded from this excerpt delivered to them just before they retired to their room, that if the defendant's intention was to have sexual relations with the young woman—as to which there was little doubt—, and if he used the least force, which apart from such intention, would amount to assault and battery—of which there was likewise little doubt—

it was their duty to convict him of assault and battery with intent to ravish.

It amounted, in effect, to a direction to find the defendant guilty as he stood indicted, if he used the least force, or took any unwarranted liberty, in his endeavors to induce the young woman to have sexual relations with him.

But the offense with which he was charged in the indictment was not assault and battery with intent to have sexual relations with the young woman, but assault and battery with intent, *forcibly and against her will*, to have carnal knowledge of her. To warrant a verdict of guilty as he stood indicted, his conduct must have been such as to justify the inference that he intended forcibly and against the will of the young woman to have unlawful carnal knowledge of her.

Taking the least unwarranted liberty with the young woman's person constituted an assault and battery, and was also some evidence of a desire or intention on his part to have sexual relations with her; but in order to secure a conviction of assault and battery with intent to commit rape, it was necessary for the jury to find from all the evidence an intention on the part of the defendant actually to commit rape upon her forcibly, if he could not secure her consent by other means.

If correct instructions had been given, the jury might have found the defendant guilty only of simple assault and battery. See *Com. v. Smith,* 115 Pa. Superior Ct. 151, 152, 175 A. 177.

The judgment is reversed and a new trial awarded.