Commonwealth *v.* Moll, Appellant, et al.

Argued October 22, 1940.

Before KELLER, P. J., CUN-NINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*James A. Welsh,* for appellant.

*Robert M. Fortney,* District Attorney, for appellee.

OPINION BY BALDRIGE, J., November 20, 1940:

John Moll and Walter Morack were jointly indicted, tried and convicted of assault and battery with intent to commit rape.

Moll, who alone appealed from the sentence imposed, does not seriously question the sufficiency of the evidence to support a conviction of the offense of assault and battery upon two girls. The main dispute before us is whether the evidence was sufficient to submit to the jury the question of the intent to ravish. It is earn-

estly contended that his conviction cannot stand as the Commonwealth did not establish an actual *attempt* by appellant to forcibly have carnal knowledge of either of these girls.

Section 93 of the Penal Code of March 31, 1860, P. L. 382, 18 PS §2263, under which the indictment was drawn, provides that if any person shall be guilty of committing assault and battery upon a female with an *intent* to forcibly and against her will have unlawful carnal knowledge of such female, every such person shall be guilty of a misdemeanor. It will be noted that the Commonwealth was not required to show an actual physical attempt to commit rape, to sustain the charge.

Turning to the Commonwealth's evidence, which, for the purposes of this appeal, we must assume to be true, we find that two girls, Catherine Gallagher and Lena Henninger living in Locust Gap, a distance of about three miles from Mt. Carmel, came to that town on the evening of September 15, 1939, spending a part of the time at least in a taproom. They had arranged for a brother-in-law of the Henninger girl to come for them between 12:30 and 1:00 a.m. He failed to appear and at 2:00 o'clock the girls, when on the street, were accosted by two strangers, afterward identified as Moll and Morack, who drove to the curb in a car, near where the girls were standing. The girls walked away and the men followed. Some conversation was then had in the course of which appellant said to the girls that he knew they were from Locust Gap. After some persuasion and assurance by these men that they would take the girls home, they got into the car and sat in the back seat, the men occupying the front seat with Morack driving. Nothing unusual occurred until the car reached a point some distance from Mt. Carmel, where the road forked. Instead of proceeding to the left toward Locust Gap the driver took the right fork which passes through a lonely, mountainous country.

One of the girls remonstrated, stating that they were taking the wrong road. Moll replied, "We know that."

The Gallagher girl thereupon leaned forward across the front seat and grabbed the ignition key. A struggle followed in which Moll recovered the key. He then made an attempt to strike the Gallagher girl and told the Henninger girl if she moved he would hit her. The Gallagher girl about this time turned down the window and made an attempt to get out of the car as it continued in motion. Moll endeavored to prevent her escape, but, according to her testimony, as he was engaged in hitting her companion she succeeded in getting her feet out of the window and after being dragged for some distance Moll "pushed her hands" causing her to lose her hold and fall to the ground.

Moll then said to Morack, "Step on it, Giggie, step on it!" The Henninger girl testified that Moll proceeded to put his hand over her mouth, knocked the wind out of her, and attempted to take off her underwear. She screamed vigorously and resisted the abuse of Moll, who continued to hit her. She finally got her head out of the window and screamed while he had her by the bare legs trying to pull her back. Shortly thereafter Morack stopped the car and Moll threw the Henninger girl out. She was picked up a little later by a passing truck going toward Mt. Carmel. Presently this truck overtook the Gallagher girl and both the girls were driven home. The Henninger girl immediately told her family of the occurrence. As a result of this assault the Gallagher girl said she had black and blue marks on her legs and arms.

The jury was justified in concluding from the declarations and violent actions of these men, who had been drinking, that it was their intent to forcibly ravish these girls and that they were defeated in their purpose by the vigorous resistance that was made.

This case is readily distinguished from *'Common-*

*wealth v. Jaynes,* 137 Pa. Superior Ct. 511, 10 A. 2d 90, relied upon by the appellant. The defendant in that case took a girl for a ride in his automobile and by improper advances tried to gain her consent by "cajolement" to have sexual relations. We pointed out in the opinion that the evidence fell short of establishing upon the failure of the defendant to gain the girl's consent that he intended to resort to the extreme measure of committing rape upon her. Nor are the facts herein analogous to those in *Commonwealth v. Smith,* 115 Pa. Superior Ct. 151, 175 A. 177.

In *Commonwealth v. Bell,* 13 Pa. Superior Ct. 576, Edna Harris had left an opera house at about 9:30 o'clock in the evening and was followed by the defendant. As she was passing an alley he jumped and grabbed her by the shoulder. She shrieked and after getting loose ran away. Her assailant was later arrested, and charged with assault and battery with intent to ravish. We held in affirming the conviction that the acts and conduct of the appellant were sufficient to warrant the jury in inferring an intent to forcibly take possession of the person of the prosecutrix.

The appellant complains that the judge failed in his charge to define the several verdicts which the jury might render under the indictment. In the first part of the charge the court clearly stated in the language of the statute the offenses charged and later, following exactly the request of defendant's counsel, instructed the jury that they could find the defendants either guilty as indicted, not guilty of assault and battery with intent to ravish, guilty of simple assault and battery, or not guilty if they were entirely innocent. A reading of this charge convinces us that it was not prejudicial to defendant, but on the contrary gave an impartial review of the evidence, adequately presenting the respective contentions of the parties with enough reference to the testimony to aid the jury in recalling

it as a whole, so that they might reach a just and proper conclusion.

Nor do we find any merit to the contention that the defendants should not have been jointly charged in one indictment with assault and battery with intent to ravish the two girls. They were charged with the same offense growing out of circumstances happening at the same time and so related that they could be properly joined in one indictment. The appellant knew he and his co-defendant were jointly indicted and would be tried together. He entered his plea permitting the jury to be sworn and the Commonwealth to present its case before he made any complaint about the indictment. Whether the appellant was entitled to a severance was a matter for the trial judge to determine in the exercise of sound discretion. We do not reverse the court's action in such cases unless there is an abuse of discretion, which does not appear in this record: *Commonwealth v. McCord*, 116 Pa. Superior Ct. 480, 176 A. 834.

We have carefully considered the other assignments but do not think it necessary to discuss them. None of them in our judgment is sustainable.

The judgment of the court below is affirmed.