Commonwealth *v.* Shrodes, Appellant.

Argued April 11, 1946. Before MAXEY, C. J., DREW, LINN, PATTERSON, STEARNE and JONES, JJ.

*Christian R. Gingrich,* with him *Becker & Ehrgood,* for appellant.

No one appeared or filed a brief for appellee.

OPINION BY MR. JUSTICE PATTERSON, April 17, 1946:

Leslie (Lester) Shrodes, appellant, was indicted, tried and convicted of (1) assaulting with intent to ravish, forcibly and against her will, one Helen P. Lemon, and (2) having made an indecent assault upon her. His motion for a new trial was refused by the Court of Quarter Sessions of Lebanon County, and on June 4, 1945, he was sentenced to separate and solitary confinement at labor in the Eastern Penitentiary for not less than one nor more than two years. The Superior Court (*Commonwealth v. Shrodes,* 158 Pa. Superior Ct. 135, 44 A. 2d 319) affirmed the judgment and sentence. This Court allowed an appeal.

The principal errors complained of are that the trial judge refused (1) to sustain appellant's demurrer to the Commonwealth's evidence, and (2) to instruct the jury that under the evidence its verdict must be "Not Guilty" on both counts.

Section 722 of the Penal Code of 1939, P. L. 872, 18 P. S. Section 4722, provides: "Whoever commits an assault and battery upon a female, with intent, forcibly and against her will to have unlawful carnal knowledge of her, is guilty of a felony . . ." The offense charged is assault and battery committed with the specific intent to accomplish sexual intercourse forcibly and against the woman's will. Consensual sexual intercourse is not within the scope of the indictment. See *Commonwealth v. Moon*, 151 Pa. Superior Ct. 555, 562, 30 A. 2d 704, 709. Force and absence of consent of the woman are essential elements of the crime of rape, both at common law and under the statute. See *Commonwealth ex rel. Case v. Smith*, 134 Pa. Superior Ct. 183, 187, 3 A. 2d 1007, 1009. The Commonwealth need not prove an actual physical attempt to commit rape (*Commonwealth v. Moll*, 142 Pa. Superior Ct. 519, 521, 16 A. 2d 324, 325). There must, however, be evidence legally sufficient to support a finding by the jury that the acts and declarations of Shrodes, as testified to by Mrs. Lemon, "manifested an intention upon his part, not merely to persuade and induce her to accede to his expressed desire to have intercourse with her, but also, in the event of her refusal, to overcome her resistance": *Commonwealth v. Smith*, 115 Pa. Superior Ct. 151, 153, 175 A. 177, 178; *Commonwealth v. Heaton*, 145 Pa. Superior Ct. 223, 225, 20 A. 2d 921, 922; *Commonwealth v. Jaynes*, 137 Pa. Superior Ct. 511, 516, 10 A. 2d 90, 92. There is no evidence of the necessary kind and quality.

The testimony of Helen Lemon establishes that on February 7, 1945, about 3:30 P.M., appellant came to the Lemon's third floor apartment in the Fredericksburg Hotel, Fredericksburg, Pennsylvania. The parties had been friendly for more than one and one-half years, and had visited each other's family upon numerous occasions at Washington, D. C. Appellant had visited her on three or four occasions at her apartment, in the afternoon when both knew Mr. Lemon would not return from work

until evening. The apartment door was open as on the previous visits. He entered and found Mrs. Lemon alone in the kitchen, preparing dinner. He was greeted in a cordial manner and sat down on a chair while she completed preparations for the dinner. After having washed her hands they started through the hall toward the apartment door. Instead of leaving the apartment, appellant closed and locked the door, took her by the arm, drew her into the bedroom, and suggested they could "have a little bit of fun." She "tried to talk him out of it but couldn't." As they moved toward the other side of the bed she "kept on talking to him and tried to talk him out of it but couldn't." She did not scream or shout for help at any time. There was no struggle. There were no bruises or scratches, and not one piece of her clothing was torn, notwithstanding part of it was of rayon texture. The only disarrangement of clothing was the loss of a button from appellant's shirt. No act of intercourse took place. Immediately thereafter, appellant rearranged his clothes and prepared to leave the apartment. Mrs. Lemon went to the kitchen and locked the door. She saw him leave the apartment and went to lock the inside door. She then saw him at the top of the steps and spoke to him. He requested her not to tell anyone, to which she replied that she would not. She then locked the door and lay down on her bed until her husband came home. In answer to the question, "And you didn't do anything to try to prevent it", she answered, "Well, I would have if I thought he might hurt me."

Mrs. Lemon did nothing to notify anyone that the alleged indecencies had taken place until some time after her husband, Robert Lemon, arrived home that evening. It was not until the next morning that her husband contacted police and subsequently swore out an information against appellant. Thereafter, a possible settlement of the entire affair was proposed. One Mr. Potts, employer of Shrodes and Lemon, was an active third party in the consideration of the settlement.

The above recited facts are a summary of the most favorable testimony in support of the Commonwealth's case. Nowhere is there evidence of appellant's acts or words which indicate an intention to use force and there is no evidence that force was used. The only legally permissible inference is that appellant, without force and without any evidence of intention to use force, solicited and urged Helen Lemon to have intercourse. Such conduct does not constitute the offenses charged in the indictment. She admitted that she made no outcry although the alleged offense occurred in her apartment, in a hotel in which there were other occupants. She was not harmed in any way. There was no evidence of any threat. Appellant later left the apartment, and, although she testified she locked herself in the kitchen, she did, nevertheless, speak to him in the hallway as he was leaving and arrived at a mutual understanding to tell no one. Solicitation and an attempt to commit adultery do not warrant a conviction on a charge of assault and battery with intent to ravish. Clearly, the evidence is insufficient to sustain the verdict of guilty on this count.

Indecent assault is "the taking by a man of indecent liberties with the person of a female without her consent and against her will, but with no intent to commit the crime of rape": *Commonwealth v. DeGrange,* 97 Pa. Superior Ct. 181, 185; *Commonwealth v. Gregory,* 132 Pa. Superior Ct. 507, 513, 1 A. 2d 501. There is no assault and battery if the touching is consented to by the other party: *Commonwealth v. Gregory,* supra, 1 A. 2d at 504.

The evidence does not support the verdict of guilty on this count. It is inconsistent with the evidence. There is not a scintilla of evidence which shows that there was any touching which was not consensual. Protests made by Mrs. Lemon were not to the touching but only to the consummation of appellant's expressed desire for sexual intercourse.

The indictment charges appellant with having committed serious offenses. The burden was upon the Com-

monwealth to establish their commission beyond a reasonable doubt. This burden has not been sustained; the evidence is utterly insufficient in this regard. From the facts admitted by both the prosecuting witness, Helen Lemon, and the appellant, an indictment against either or both parties, charging an attempt to commit adultery, a misdemeanor, might have warranted a verdict of guilty, but the verdict here, convicting the appellant on both counts of the indictment, charging felonious assault, was erroneously received by the trial judge. Under all the evidence and the law, the trial court should have sustained the demurrer and directed a verdict of acquittal on both counts of the indictment.

Judgment of the Superior Court is reversed and appellant discharged.