## Commonwealth *v*. Tuck, Appellant.

Argued March 19, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*Paul A. McGinley,* for appellant.

*Henry V. Scheirer,* Assistant District Attorney, with him *Kenneth H. Koch,* District Attorney, for appellee.

OPINION BY ROSS, J., July 19, 1951:

The appellant, Moses Tuck, was tried in the Court of Quarter Sessions, Lehigh County, under an indictment charging him with assault with intent to ravish one Geraldine Weaver. The case was heard by a judge sitting without a jury. The judge, while concluding that the evidence would not support a conviction for assault with intent to ravish, found the appellant guilty of indecent assault. The appellant's motion for new trial was refused, and this appeal followed.

There is little or no dispute as to the facts. On November 9, 1949, Geraldine Weaver, a female child twelve years of age, came out of school accompanied by two girl friends. The appellant, a man approximately forty years of age, was waiting for her in his truck. Tuck was known to Geraldine as the huckster who had sold vegetables to her mother upon occasion. The appellant gave Geraldine money to give to her two friends and they left; he then induced the child to get into his truck by telling her that he would take her to the library after stopping at his mother's home. Instead of taking her to the library, however, he drove to a sparsely settled section of the City of Allentown and parked.

Having parked, the appellant "told" Geraldine to remove her underclothing and she complied; he then told her to lie down on the seat of the truck and, after she had done so, lay on top of her and three times attempted to have sexual intercourse with her. Before each unsuccessful attempt to procure penetration, Geraldine told the appellant that she "didn't want to do it", and he finally desisted. When the child expressed a desire to go home, Tuck drove her to a point near her home, gave her a small sum of money and left her. Immediately upon her arrival home, Geraldine recounted to her mother the facts outlined above.

The appellant's principal attack upon the action of the trial judge is directed at his finding the appellant

guilty of indecent assault after finding him not guilty of assault with intent to ravish. To reach a verdict of not guilty with respect to the charge of assault with intent to ravish, the appellant argues, the court must, of necessity, have found that Geraldine Weaver consented to his lewd manipulation of her body. That being so, the argument concludes, it was illogical and inconsistent to find the defendant guilty of indecent assault since lack of consent is an essential element in that crime as well as in assault and battery with intent to ravish. We are of the opinion that the court below reached the proper conclusion.

The trial court did not find that Geraldine Weaver *consented* to the appellant's lewd touching of her body, but rather found that she "submitted . . . without resistance". In support of his contention that Geraldine *consented* rather than submitted to his advances, the appellant in his brief quotes the following from the record of his cross-examination of the child: "Q. You let him touch you, you said? A. Yes, sir. Q. And when he told you to take off your panties, you knew what he was going to do. Is that true? A. Yes, sir. Q. And you allowed him to touch you? A. Yes, sir." The appellant, however, omitted from his quotation his next question and the answer thereto: "Q. In other words, did you want him to touch you? A. No, sir." We see in this testimony, as did the court below, *submission* but not *consent*.

Upon a careful reading of all the testimony, and after consideration of the appellant's contentions with respect thereto, we are convinced that the court below was correct in finding that Geraldine Weaver *submitted* to appellant's advances but did not *consent* to them.

We have not been referred to, nor has our research disclosed, any appellate decision in this commonwealth noting and giving effect to the distinction between con-

sent and submission; there is, however, in other jurisdictions support for the position taken by the court below. *State v. Cross,* 12 Iowa 66, 79 Am. Dec. 519, was a case in which a married man 35 years of age was tried and convicted of an assault with intent to commit rape. The prosecutrix was a child fifteen years of age. In affirming the conviction the Supreme Court of Iowa stated at page 70: ". . . there is a wide difference between consent and submission. Consent involves submission, but a mere submission by no means, necessarily involves consent. For it might be admitted, in most cases, that the submission of an adult female to such an outrage, necessarily proved consent. The mere submission of a child, however in the power of a strong man, can by no means be taken to be such consent as to justify the prisoner in point of law. Reg. v. Banks, 8 C. & P., 574; Same v. Doy, 9 Ib., 722." In *People v. Dong Pok Yip,* 164 Cal. 143, 127 P. 1031, the defendant was tried upon a charge of assault with intent to commit sodomy with a nine-year old boy, and was convicted of simple assault. In affirming the conviction, the California Supreme Court adopted the following language employed by the lower court: "In cases of the character under discussion, the age and mentality of the subject of an indecent assault is important, and should always be considered in determining the presence or absence of consent. The mere submission of a child of tender years or retarded mental development to an attempted outrage of its person should not, in and of itself, be construed to be such consent as would, in point of law, justify or excuse the assault. (2 Bishop's New Criminal Law, sec. 35, subd. 2.) It is neither unreasonable nor unnatural to assume that such a child, in the hands of a strong man, might be easily overawed into submitting without actually consenting. (Hill v. State, 37 Tex. Cr. 279, [66 Am. St. Rep. 803, 38 S. W. 987, 39 S. W. 666].)"

If, at the time of the commission of the offense, Geraldine Weaver had been a mature woman rather than a child of tender years, we would be constrained to reverse the judgment on the authority of *Com. v. Shrodes*, 354 Pa. 70, 46 A. 2d 483. Here, as in the *Shrodes* case, the "protests made by [the female] were not to the touching, but only to the consummation of appellant's expressed desire for sexual intercourse". We think, however, the fact that the *Shrodes* case involved a married woman of mature years "in her apartment in a hotel in which there were other occupants" makes it distinguishable from the present case wherein the female is a child of twelve and the offense took place in a lonely and isolated place. Submission to lewd touching without protest or physical resistance may well be strong evidence of consent by an *adult* female, but it is unrealistic and contrary to human experience to apply the same standard to a child of twelve.

The Commonwealth established that the appellant took indecent liberties with the person of a female without her consent and against her will, and the court below had authority to convict for indecent assault on a count of assault and battery with intent to ravish. *Com. v. Smith*, 115 Pa. Superior Ct. 151, 175 A. 177; *Com. v. Jaynes*, supra, 137 Pa. Superior Ct. 511, 10 A. 2d 90.

The judgment of sentence is affirmed, and it is ordered that the appellant appear in the court below at such time as he may there be called, and that he be by that court committed until he has complied with his sentence or any part of it which had not been performed at the time this appeal was made a supersedeas.