Commonwealth *v.* Carpenter, Appellant.

272

Argued November 12, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Christian R. Gingrich,* with him *Samuel Gorson* and *Dennis, Rotman, Gorson & Cohen,* for appellant.

*William H. Egli,* District Attorney, with him *Clarke McA. Seltzer,* for appellee.

OPINION BY RHODES, P. J., January 20, 1953:

Defendant was found guilty of indecent assault. Before the jury was sworn he moved for the quashing of the indictment, which motion was refused. On motion of the district attorney and over objection of defendant, private counsel was permitted to assist in the prosecution. Defendant's demurrer to the evidence was overruled, as were his motions for directed verdict, for new trial, and in arrest of judgment. In his appeal from judgment of sentence, defendant questions the correctness of these rulings by the trial judge.

The testimony in material respects was contradictory. Commonwealth's principal witness, Barbara Peiffer, aged 15 years and 8 months, lived on Weidman Street, in Lebanon, near the home of a girl friend, aged 14, who on August 9, 1951, was being visited by

her cousin also 14 years old. About 9:30 p.m. the three girls, who were dressed in shorts, having secured permission, walked up the street to a store for some ice cream. On their way home they were accosted by defendant, a police officer of the City of Lebanon, who was in uniform although not on duty at the time. Defendant told them that as it was after 9:30 he could take them to the police station for violating the curfew. He asked them for their names and addresses, and said he would take them home in his car. At his direction the girls got in his car and sat in the rear seat. Defendant had the two younger girls get out in an alley in the rear of their house. Barbara asked to leave with them, but, although her house, three doors east, was accessible from the alley, defendant said, ". . . no, you know I took the other girls home and I will take you home too." But he drove to a point beyond the limits of the city street lights, and told Barbara to hand him a flash light and come to the front seat. Defendant having stopped the car, flashed the light on her legs, and asked her to remove her shorts. She refused at first, but, defendant persisting, she finally complied. Defendant thereupon drove a short distance and stopped again. At that time he took indecent liberties with her person. He did not solicit intercourse. Barbara persevered in her request to be taken home, and defendant finally acquiesced.

Defendant's defense was an alibi. He testified that, after Barbara's friends got out of his car, he drove along the alley to the rear of her home, immediately discharging her, and that he then drove directly to the police station. A defense witness testified in corroboration that she observed defendant picking up the girls, and followed him in her car to see whether he would take them to the police station, as he had taken her daughter.

Indecent assault, a common law offense and in some jurisdictions treated as a species of statutory assault and battery (section 708 of The Penal Code, 18 PS §4708), is "the taking by a man of indecent liberties with the person of a female without her consent and against her will, but with no intent to commit the crime of rape . . ." *Com. v. DeGrange,* 97 Pa. Superior Ct. 181, 185; *Com. v. Shrodes,* 354 Pa. 70, 74, 46 A. 2d 483. Defendant contends that in the absence of evidence of force or threats the touching and indecent acts were, as a matter of law, consented to, and that the court therefore erred in refusing his motion in arrest of judgment[1] and his other motions preliminary thereto. Accepting the Commonwealth's evidence as true, defendant points out that Barbara was nearly sixteen, the statutory age of consent to intercourse, that she made no effort to escape or call for help, and that she complied with his requests to remove some of her clothing and come to the front seat. Under the circumstances, the trial judge properly submitted to the jury the question of consent. Throughout the ride Barbara repeatedly asked to be taken home, and at one time defendant replied, "you ask too many questions." She stated that she did not protest against his offensive advances "Because I was afraid of him." Thereafter she told him she was going to tell her mother. When asked why she was not suspicious of what defendant planned to do, she answered: "Well, I didn't know, he was a policeman and policemen aren't supposed to do anything like that." The jury could conclude that the girl complied with defendant's requests and submitted to his acts because of the circumstances, and that there was no consent. *Com. v. Tuck,* 169 Pa. Superior Ct. 35, 82 A. 2d 288. Defendant's position, together with

---

[1] Act of June 15, 1951, P. L. 585, 19 PS §871.

the threat of detention for violation of the curfew, precluded the exercise of freedom of choice by the girl. Cf. *Com. v. Gregory*, 132 Pa. Superior Ct. 507, 516, 1 A. 2d 501. In *Com. v. Shrodes*, supra, 354 Pa. 70, 74, 46 A. 2d 483, relied upon by defendant, it was held that there was not a scintilla of evidence which showed that there was any touching of the person which was not consensual.

Defendant's contention that the trial judge erred in refusing his motion to quash the indictment is without merit. His argument is to the effect that, force and the lack of consent being essential elements of the offense of indecent assault, the absence of such allegations in the information and indictment rendered them defective. The indictment charged the commission of indecent assault with "force and arms," and describes the acts committed by defendant in the consummation of the offense. Whether considered as an assault and battery with certain circumstances or as a distinct common law crime, the offense is self-defining. By its terms indecent assault comprehends an assault and battery (*Com. v. Gregory*, supra, 132 Pa. Superior Ct. 507, 513, 1 A. 2d 501) ; force and the absence of consent are essential elements of the latter offense. See *Com. v. Jaynes*, 137 Pa. Superior Ct. 511, 514, 10 A. 2d 90. Assault and battery negatives the idea of consent. *Com. v. Moon*, 151 Pa. Superior Ct. 555, 567, 30 A. 2d 704.

Likewise without merit is defendant's argument that the trial judge erred in permitting private counsel to participate in the prosecution. Defendant "had no legal concern with the personality of those selected by the Commonwealth to conduct the prosecution": *Com. v. Deutsch*, 72 Pa. Superior Ct. 298, 305. Although private counsel had participated in the preliminary proceedings and in a prior hearing before City

Council resulting in defendant's dismissal from the police force, a reading of the record does not reveal, and defendant does not contend, that he did not conduct himself in an ethical and dispassionate manner. His deportment during the trial, not his participation in other proceedings adverse to defendant, is the controlling consideration. *Com. v. Musto,* 348 Pa. 300, 303, 35 A. 2d 307. See *Com. v. Bovaird,* 169 Pa. Superior Ct. 596, 605, 84 A. 2d 355.

The credibility of the witnesses was for the jury. The version of the defense was not accepted. The verdict of the jury was not against the weight of the evidence; the case was fairly tried.

Judgment of sentence is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time this appeal was made a supersedeas.