Commonwealth *v.* Brown, Appellant.

Argued September 30, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Edward Youngerman,* with him *Robert Morgan Smith,* for appellant.

*Frederick Edenharter,* Assistant District Attorney, with him *Frederick O. Brubaker,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., November 12, 1957:

A jury found Willard M. Brown, guilty of felonious rape. After motions for a new trial and in arrest of judgment were refused, he was sentenced to serve two to four years in the Berks County Jail.

The indictment charged Brown, a 53 year old man, with having committed the offense on July 10, 1956, "and at divers other times within the three months last past," upon Miriam E. Garman.

The Commonwealth's evidence was fantastic. It showed that Miriam, a 16 year old girl, came to live with her mother and the defendant in January 1956. She slept in a room with her sister and two brothers, all younger than she. Her mother and the defendant slept together in another room. On January 15th and *every day* thereafter until July 10th, says Miriam, the defendant took her mother to a bus station at 6 o'clock in the morning, then returned to the home, picked Miriam up in his arms from her bed, carried her to his room, locked the door, took "all (her) clothes off," undressed himself, tied her mouth shut with a rag, and forced her to have intercourse with him. She repeatedly stated that this entire procedure, including the gagging, occurred every day between January 15th and July 10th, including the time she was menstruating.

When first asked on direct examination whether she objected to what Brown did, she replied "no". Then to such leading questions by the district attorney as "Did you push him away?" and "Were you fighting him?" she answered "yes". Later, however, when asked

by the district attorney "Did you agree he should do this?" she replied, "Yes".

According to Miriam, she told her mother about the relations with Brown and "she said I should let him go." The mother testified that Miriam's sister told her about the affair but that Miriam denied it. The mother said she believed Miriam because her sister frequently lied. Miriam said she left the Brown home in July because she did not like it, but her fantasy is demonstrated by her later testimony that she saw her father July 9, 1956, and that he told her to go to her stepmother. She admitted that her father had committed suicide six months prior thereto, but insisted that she was not dreaming—that she "was awake", and saw him and talked to him.

Miriam's brothers and sister corroborated, in part, Miriam's story about Brown, testifying that they witnessed the affairs through a crack *under* the door. One of them said that when Brown came into their room he would lift Miriam up and let her fall back on her bed to wake her before carrying her over into his room. One of them admitted saying that Miriam and Brown would both sometimes laugh while in the defendant's bedroom. When a school nurse asked Miriam about her relations with Brown, she denied that there was anything improper between them.

Upon this fantastic testimony, the jury convicted the defendant of felonious rape. The trial judge, an able and experienced jurist retiring this year after thirty years of outstanding judicial service, held that the credibility of the witnesses was for the jury, and that, therefore, the verdict should not be set aside.

Since the Act of June 15, 1951, P. L. 585, 19 PS §871, judgment may be arrested on the ground that the evidence was insufficient to sustain the charge. But

the sufficiency of the evidence must be tested according to the Commonwealth's evidence. *Commonwealth v. Wright*, 383 Pa. 532, 119 A. 2d 492 (1956).

Felonious rape is defined by the Act of June 24, 1939, P. L. 872, §721, 18 PS §4721, as the "unlawful carnal knowledge of a woman, forcibly and against her will." This is the same definition as that contained in the Act of March 31, 1860, P. L. 382, §91. It is also the common law definition given by Blackstone, 2 Sharswood Blackstone's Commentaries 209.

Force and absence of the female's consent, if she is over 15 years of age, are essential elements of the crime of rape. *Commonwealth v. Shrodes,* 354 Pa. 70, 46 A. 2d 483 (1946). Force may be constructive where the female is unconscious from intoxication or the use of drugs or asleep and where, known to the defendant, she is so unsound of mind as to be unable to give legal consent. *Commonwealth v. Stephens,* 143 Pa. Superior Ct. 394, 17 A. 2d 919 (1941). There is, however, no question of constructive force in this case.

The girl's testimony on two occasions that she did not object to the intercourse; her insistence that the offense was committed *every day* for six months and that each time the defendant tied her mouth shut *after* carrying her into his room; locking the door; undressing himself and undressing her; her insistence that she saw and talked to her dead father; the testimony of the Commonwealth witnesses that the defendant woke her before carrying her into his room, along with the other evidence, including a note written by her inviting a schoolmate to have intercourse with her, do not support the necessary element of force. It is not the "necessary kind and quality" of evidence to sustain a conviction of rape. See *Commonwealth v. Shrodes,* supra, p. 72.

In *Commonwealth v. Balles*, 160 Pa. Superior Ct. 148, 50 A. 2d 729 (1947) Judge HIRT in granting a new trial after conviction of rape said the story of the victim was "almost too fantastic for credence." In this case we can delete the "almost".

Undoubtedly the jury was moved by the difference in the ages of the defendant and the girl. If this 53 year old defendant had intercourse with this girl, only a few months over sixteen years of age, even with her consent, it was a most reprehensible offense deserving of a penalty more severe than that which can be imposed for fornication. But that does not justify his conviction of felonious rape if, in fact, the occurrences lacked force and absence of consent.

Rape includes the offense of fornication. *Commonwealth v. Lewis*, 140 Pa. 561, 21 A. 501 (1891). A person indicted for rape can be acquitted on the charge of rape, and found guilty of fornication. *Commonwealth v. Parker*, 146 Pa. 343, 23 A. 323 (1892); *Commonwealth v. Moskorison*, 170 Pa. Superior Ct. 332, 336, 85 A. 2d 644 (1952).

We are of the opinion that the evidence supports the finding of the jury that the defendant had carnal knowledge of the girl, but cannot support the finding that it was forcibly and against her will.

The judgment of sentence is reversed and the case remanded to the court below with direction to enter a conviction of fornication, and to impose sentence thereon.

Judge WRIGHT would affirm upon the opinion of President Judge MAYS for the court below.