Commonwealth *v.* Small, Appellant.

Argued December 14, 1967. Before WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (ERVIN, P. J., and WRIGHT, J., absent).

*Leonard Barkan,* for appellant.

*Roger F. Cox,* Assistant District Attorney, with him *Alan J. Davis,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 15, 1968:
Order affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

Robert Small, the appellant, and two other defendants, were tried on March 24, 1966, on an indictment charging assault and battery, indecent assault, aggravated assault and battery, assault and battery with intent to ravish, and rape; two indictments charging sodomy; and one indictment charging corrupting the morals of a minor child.

Sentence was suspended on the indictment charging appellant with corrupting the morals of a minor child. He was convicted and sentenced to a concurrent term of two and one-half to five years for the indictments charging sodomy, and five to ten years imprisonment, commencing September 7, 1965, on the bill charging felonious rape.

On June 29, 1967, appellant's petition to appeal nunc pro tunc was granted. This appeal followed.

Appellant contends that the trial court committed a fundamental and reversible error in charging the jury as to the result of a verdict of guilty of the crime of fornication.

The trial court stated the following in its charge. "At this point, let me say to you, ladies and gentlemen,

in discussing the merits of this case, you are not to consider what may or may not happen to these defendants. That is my obligation. That is the cross I have to bear. It is the penalty I pay for being a judge . . . So, if you should find the defendants not guilty of rape, you should find them not guilty of intent to ravish, because the acts were completed. It could then possibly become the crime of fornication, and fornication is intercourse between a man and a woman, not married to each other, that carries a penalty of $100.00 fine and costs."

Since appellant was indicted for rape, he could have been convicted of the crime of fornication even if he were found not guilty of rape. The elements of fornication are necessarily included in the charge of rape. *Commonwealth v. Parker*, 146 Pa. 343, 23 A. 2d 323 (1892) ; *Commonwealth v. Brown*, 184 Pa. Superior Ct. 494, 136 A. 2d 138 (1957).

Even though appellant might have been found guilty of fornication, it is my opinion that the charge on the penalty for this crime prejudiced the mind of the jury so as to become a fundamental and reversible error.

The propriety of the reference in the charge must be considered in light of the circumstances of the trial. In this case, the jury had nothing to do with the punishment of the offense and it was error for the judge to place before the jury the probable result of a verdict. As early as 1890, the Supreme Court stated that: "The same circumstances of the trial probably led to the unfortunate putting before the jury of the probable result of a verdict of guilty . . . [A] jury might be apt to understand it as in some degree a subject for their consideration, and in that aspect it was a dangerous error, which can hardly be considered cured by the subsequent directions." *Commonwealth v. Switzer*, 134 Pa. 383, 19 A. 681 (1890). In the instant case, there was no effort to rectify the mistake.

The error is even more detrimental in light of the facts of the case. The prosecutrix testified that appellant had forced her to have sexual intercourse. The appellant testified on his own behalf and stated that the act was consensual. Thus, the crux of the case turned on whether the act was consensual. By spotlighting that the penalty for fornication is relatively light, the charge implies that if appellant is not found guilty of rape, he would, in effect, go unpunished. Furthermore, the reference to the penalty for fornication also implies, in my opinion, that the trial court felt that appellant was probably guilty of the crime of rape. While a judge may express his opinion on the facts of the case, it is not within his province to advise the jury, no matter how subtly, what inferences should be drawn from the evidence. *Commonwealth v. Nafus,* 303 Pa. 418, 154 A. 485 (1931). Thus, since the error had to do with the consequences of a finding that no force was used by appellant, the improper charge on the light punishment for fornication effectively deprived him of his right to have the jury consider the case free from influences which had no place in the deliberations of the jury.

The lower court also erred, in my opinion, in charging the jury on the bills charging rape and sodomy. The court stated: "Let me tell you, ladies and gentlemen, that the law further says that if only one person was proven to have raped this girl, all standing around are guilty of rape. Now, remember that. That is the law. If only one person committed rape and sodomy on this girl, and it was rape, and you believe it beyond a reasonable doubt to your satisfaction, all are equally guilty, if they never even touched her." Moreover, the jury was told "If he did not commit oral sodomy, but he was there while it was committed, he is just as guilty as if he did it himself."

It is, of course, the law that "All who are present aiding and abetting when a felony is committed are equally guilty. All who are present aiding, abetting, and encouraging the ravishing are guilty of rape, although only one of the men may be the actual ravisher." *Commonwealth v. Danaleczk,* 85 Pa. Superior Ct. 253, 256-257 (1925). Being present is certainly not the same thing as being present *and* aiding, abetting and encouraging. The present case aptly illustrates this difference. According to the evidence, there were a number of persons involved in the activities which gave rise to this prosecution. Another of the defendants admitted that he engaged in the act of sodomy. The appellant vehemently denied that he did so or that he even made such a request upon the prosecutrix. In view of the instructions in this case, the jury could well have found that although appellant did not engage in the act, or aid, abet or encourage another to do so, he was guilty because of the erroneous legal standard enunciated by the trial judge. Similarly, with regard to the crime of rape, even if the jury did not believe that the intercourse by appellant was other than by consent, they would still feel obliged to find him guilty on the basis that one of the others had been guilty of rape.

For these reasons, therefore, I would grant a new trial on the bills charging felonious rape and sodomy.

SPAULDING, J., joins in this dissent.