*298 Dissenting Opinion by
Hoepman, J.:
Appellant was tried before the court below without a jury and found guilty of assault with intent to ravish. Oral motions for a new trial and in arrest of judgment were denied, and appellant was sentenced on November 20, 1967, to one to five years’ imprisonment.
To sustain a conviction in any case, the facts and circumstances must be of such a nature as to establish guilt beyond a reasonable doubt. E.g., Commonwealth v. Garrett, 423 Pa. 8, 222 A. 2d 902 (1966) ; Commonwealth v. Finnie, 415 Pa. 166, 202 A. 2d 85 (1964). It is my opinion that the proof in this case was not sufficient to sustain the Commonwealth’s burden of proof.
' The complaining witness, Victoria Hayes, testified that on May 24, 1967, at about 9 :30 p.m. at 15th and Cumberland Streets in Philadelphia, a residential area, appellant approached her and said hello. Other pedestrians were about and people were in apartments nearby looking out of windows. Miss Hayes stated that appellant told her that he had met her previously at a bar, and she replied that he was mistaken. She conversed with appellant for a while and then stated she was going to the store. Appellant replied that he had a gun and she must go with him. Specifically, she stated that he told her that “. . . if I did not go with him that he would shoot me and that I had a pretty face and it’s a shame it had to be messed up.”
Appellant then grabbed her by the arm and neck. Miss Hayes said that she saw a person in a phone booth across the street and started screaming. At the same time, she testified that she tried to run into the street to hail a car, but appellant was pulling her toward an alley. As a result of her actions, Miss Hayes and appellant fell to the ground, about five yards from an alley. A policeman, hearing the scuffle, appeared on the scene at this moment.
*299 Appellant’s testimony basically verified these facts. He said that he had tried to put his arm around her after they had talked on the corner, and that when he did so, she withdrew and screamed. He started to shake her, and they fell to the ground, at which point the policeman arrived.
There is nothing in the record to prove that appellant had dragged Miss Hayes into the alley. There is also little evidence to substantiate an inference that he intended to do so. The appellant was asked on cross-examination :
“Q. My question, did you try to drag her to the alley?
“A. No sir.”
The complaining witness testified that appellant attempted to drag her into the alley, but also stated:
“Q. How close did you get to the alley?
“A. Not very — say the alley was here and we were here.”
The scuffle occurred aAvay from the alley, and there is no other objective evidence to indicate that he intended to take Miss Hayes into the alleyway.
The record further indicates that appellant did not push Miss Hayes to the ground. She testified: “So by this time [after she had hollered to the man in the phone booth], we were down a little way from the corner and he was trying to pull me into the alley and I pulled away from the alley and we fell on a car and on the ground. That’s when the police came.”
“Q. You fell to the ground struggling, yes or no?
“A. Yes.”
Miss Hayes also testified that appellant never touched or attempted to touch any of her private parts.
“Q. Now, while you were having this conversation, did he at any time, touch any of your private parts?
“A. No.
*300 “Q. In fact, lie never did at any point?
“A. No.”
Nor did appellant make any overtures of sex toward Miss Hayes. She testified:
“Q. Now, at any point, was Mr. Austin’s private parts exposed?
“A. No.
“Q. Did lie ever mention the word sex to you?
“A. No.
“Q. What he said is, ‘You’re going with me.’
“A. Yes.
“Q. He never grabbed you or any of your private parts?
“A. No.”
Under the Act of June 24, 1939, P. L. 872, §722, 18 P.S. 4722, our Courts have stated that in order to convict one for the offense of assault with intent to ravish, the specific intent to ravish must be proved beyond a reasonable doubt. The trier of fact cannot speculate or conjecture as to the intention of the accused; rather, the subjective intent must be proved by the objective facts. In other words, in order to sustain a conviction of assault with intent to ravish, “The conduct [of the accused] must have been such as to justify the inference that he intended forcibly and against the will of the young woman to have unlawful carnal knowledge of her.” Commonwealth v. Jaynes, 137 Pa. Superior Ct. 511, 10 A. 2d 90 (1939).
A review of the several cases decided under this statute reveals that there must be a showing of force with an objective intent to rape the victim. For example, in Commonwealth v. Moss, 173 Pa. Superior Ct. 367, 98 A. 2d 372 (1953), defendant drove the victim to a dark street, attempted to kiss her, and pulled her into the back seat of his automobile. The Court properly found that defendant’s conduct was such as to *301 justify the inference that he intended to have unlawful carnal knowledge of the victim absent her consent. In Commonwealth v. Heaton, 145 Pa. Superior Ct. 223, 20 A. 2d 921 (1941), the defendant exposed himself to the victim, pulled up her dress, and attempted to have sexual intercourse with her. See also Commonwealth v. Heatter, 177 Pa. Superior Ct. 374, 111 A. 2d 371 (1955).
On the other hand, doing acts which do not infer that the defendant would have attempted to rape the victim has been held not sufficient evidence to sustain a conviction. In Commonwealth v. Jaynes, supra, the defendant drove the complaining witness to a place other than where she wished to go. He made offers of money and cajolement to have sexual intercourse. Upon being rebuffed, defendant drove her to the place she wished to go. The Court, reversing on other grounds, severely questioned this evidence as sufficient to support a conviction under the above Act. Commonwealth v. Shrodes, 354 Pa. 70, 46 A. 2d 483 (1946), is an even more exemplary decision. In that case, the defendant was alone with the complaining witness in her apartment. In reviewing the evidence, the Court stated: “Instead of leaving the apartment, appellant closed and locked the door, took her by the arm, drew her into the bedroom, and suggested they could ‘have a little bit of fun.’ She ‘tried to talk him out of it but couldn’t.’ As they moved toward the other side of the bed she ‘kept on talking to him and tried to talk him out of it but couldn’t.’ ” at 73. The Court held that this was insufficient evidence to support a conviction for assault with intent to ravish.
In the instant case, although there was a struggle, there is no indication that the force applied to Miss Hayes was an attempt to rape her. No words were spoken by appellant that intimated he was going to *302 rape her, he did not attempt to expose himself, and he did not at any time attempt to touch her private parts. The scuffle occurred in a well-lighted corner of a residential area where there were several persons present.
Furthermore, the tussle resulted in her trying to break from appellant’s grasp, and she specifically noted that they fell onto the ground as a result of the scuffle, not as a result of being pushed for an illicit purpose. Even if appellant did subjectively desire to have sexu-< al intercourse with the victim against her will, the facts established in the record do not support an objective basis upon which to rest this presumption. Commonwealth v. Jaynes, supra. At best, the evidence supports a finding of assault and battery.
I would, therefore, reverse the judgment of the lower court and order a new trial.
Jacobs, J., joins in this dissenting opinion.