Commonwealth *v.* Moss, Appellant.

Argued March 24, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Ray E. Machen,* for appellant.

*Michael von Moschzisker,* First Assistant District Attorney, with him *Armand Della Porta,* Assistant District Attorney, *Samuel Dash,* Assistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY ROSS, J., July 14, 1953:

James Moss was indicted for the crimes of assault and battery, aggravated assault and battery, assault and battery with intent to ravish, and rape at No. 15 April Sessions, 1952. A second indictment at No. 323 April Sessions, 1952 charged him with adultery. Jury trial was had on both indictments on May 9, 1952.

The prosecutrix, a child 15 years of age, testified that on September 24, 1951 the defendant was parked on 37th Street in Philadelphia. She stated that de-

fendant, whom she had known for about a month, called her over to his car and "asked me to come and keep Jeanette, this girl who used to take care of his two kids, to keep her company" in his apartment. The prosecutrix entered the automobile and defendant drove her to his home. He went into the apartment alone and when he came out again he told the prosecutrix that "Jeanette would be up there quite a while" and offered to drive her home. Instead of taking her home directly, however, he drove her "up some dark street" and stopped the car. Prosecutrix testified: "At the time he pulled me over the back of the seat, and I scratched him, I bit his lip when he tried to kiss me a couple of times. He pulled me over the back seat. He laid me across the back seat and he wiggled himself between my legs." She stated that the defendant had sexual intercourse with her and that as a result thereof she became pregnant.

In support of the charge of adultery, the Commonwealth had only the testimony of the prosecutrix to the effect that the defendant had two children by a woman with whom he lived and whom he referred to as his wife. Defendant, on the other hand, denied that he was married, and the woman who shared his apartment, while admitting that she used his name and bore him two children, denied that she was married to him. The defendant admitted that the two children were his.

The jury found the defendant guilty of the charges contained in indictment No. 15 but acquitted him of the charge of adultery. Immediately after the jury had returned its verdict, counsel for defendant requested time for the filing of a motion for a new trial, and sentence was deferred. On May 12, 1952 the defendant filed his motion for a new trial but disposition of the motion was deferred to await the birth of the child

and a blood test. Prosecutrix's child was born on July 1, and on December 3 the blood test was made, which did not exclude Moss as the father of the child.

The Commonwealth procured an indictment in December 1952 which charged the defendant with the offense of fornication and bastardy, the indictment being based upon the same alleged act of sexual intercourse with this prosecutrix. Trial was had on this indictment in the Municipal Court of Philadelphia on December 22, 1952, and the jury returned a verdict of not guilty.

When, on January 9, 1953, the defendant was finally called for sentencing on the verdict of guilty returned on indictment No. 15, he made a motion in arrest of judgment based upon the verdict of not guilty returned by the Municipal Court jury on the fornication and bastardy charge. The court below overruled the motion for arrest of judgment and the earlier motion for a new trial, and sentenced defendant to a term of not less than two nor more than ten years in Philadelphia County Prison. From that judgment of sentence this appeal is taken.

Since fornication (a misdemeanor) is a necessary component of rape (a felony), the Commonwealth concedes that after his acquittal on the charge of fornication, the court could not sentence the defendant on the rape charge. Cf. §51 of the Act of March 31, 1860, P. L. 427, 19 PS §831; *Com. v. Arner*, 149 Pa. 35, 24 A. 83; *Com. v. Thatcher*, 364 Pa. 326, 71 A. 2d 796. The Commonwealth contends, however, that there exists no bar to sentence on the charge of assault and battery with intent to ravish, and with this contention we agree.

Sexual intercourse is a necessary component of both fornication and rape but not of assault and battery with intent to ravish. Cf. *Com. v. Moon*, 151 Pa.

Superior Ct. 555, 30 A. 2d 704. The Penal Code, Act of June 24, 1939, P. L. 872, 18 PS §4722, provides: "Whoever commits an assault and battery upon a female, with intent, forcibly and against her will, to have carnal knowledge of her, is guilty of a felony . . ." To sustain a conviction for this offense it must appear that the defendant's conduct was "such as to justify the inference that he intended forcibly and against the will of the young woman to have unlawful carnal knowledge of her" (*Com. v. Jaynes*, 137 Pa. Superior Ct. 511, 516, 10 A. 2d 90; *Com. v. Heaton*, 145 Pa. Superior Ct. 223, 225, 20 A. 2d 921), and the evidence in this case is sufficient to justify such inference.

The defendant complains that the court below in its charge mentioned several times the admitted fact that he and the woman with whom he lived had two children and that this "could not fail to create prejudice against the defendant and influence the jury in their deliberation on the charge of rape". There is no merit in this argument. The trial court mentioned the defendant's children in that portion of its charge dealing with the crime of adultery. The evidence was pertinent and it was the right and duty of the court to call it to the attention of the jury.

The defendant was sentenced to a term of not less than two nor more than ten years in the Philadelphia County Prison. That sentence is excessive since here no sentence can be imposed for the crime of rape. The maximum sentence for a violation of §722 of The Penal Code, supra, is a fine not exceeding $2,000 and five years' imprisonment by separate or solitary confinement. Since we have the power to amend or mould a sentence so that it conforms with the law (Act of June 24, 1895, P. L. 212, §8, par. 8, 17 PS §192; Act of June 24, 1895, P. L. 212, §9, par. 4, 17 PS §195; *Com. v. Harrison*, 142 Pa. Superior Ct. 453,

16 A. 2d 665; *Com. v. Downer,* 161 Pa. Superior Ct. 339, 53 A. 2d 897), the sentence of the defendant is amended to be a minimum of two years and a maximum of five years in the Philadelphia County Prison, and as thus amended, the judgment of the court below is affirmed.