Commonwealth ex rel. Cuniff, Appellant, *v.* Cavell.

Submitted November 18, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Edward Cuniff*, appellant, in propria persona.

*William Claney Smith*, Assistant District Attorney, with him *Edward C. Boyle*, District Attorney, for appellee.

OPINION BY RHODES, P. J., January 21, 1958:

This appeal is from the dismissal by the Court of Common Pleas of Allegheny County of relator's petition for writ of habeas corpus.

Relator was indicted on September 6, 1955, at No. 13, September Sessions, 1955, in the Court of Oyer and Terminer of Allegheny County on the charge of burglary. On October 20, 1955, on motion of the district attorney a nolle prosequi was entered on the indictment. On January 5, 1956, on motion of the district attorney the order was vacated and the proceedings on the original bill were revived. On March 14, 1956, while represented by counsel, relator pleaded guilty to the burglary charge and was sentenced for a term of not less than two years nor more than four years in the Western State Penitentiary.

At the same time, relator entered pleas of guilty to indictments at Nos. 61 and 62, March Sessions, 1956, in the Court of Quarter Sessions of Allegheny County charging forgery and fraudulently uttering a forged instrument. He was sentenced for terms of not less than two years nor more than four years on each indictment, the same to run concurrently. However, sentence on bill No. 61 was to begin at the expiration of the sentence imposed at No. 13, September Sessions, 1955. On December 7, 1956, relator filed a petition for writ of habeas corpus; he has appealed from the dismissal of his petition.

Relator endeavors to make an issue on the competency of his counsel.

It was permissible to cancel the nolle prosequi entered on the indictment for burglary at No. 13, September Sessions, 1955, and revive the proceedings on that bill. *Com. v. McLaughlin,* 293 Pa. 218, 223, 142 A. 213.

In the indictments at Nos. 61 and 62, March Sessions, 1956, relator was charged with forging written instruments and fraudulently uttering forged instruments. Act of June 24, 1939, P. L. 872, §1014, 18 PS §5014.

Relator's contention that he should have been charged with issuing worthless checks under section 854 of the Act of June 24, 1939, P. L. 872, 18 PS §4854, is without merit. The indictments charge the crimes in conformity with the statute. It follows that relator's complaint that his counsel was negligent or incompetent in allowing him to plead guilty on the indictments is likewise devoid of merit.

On the present record there were no factual issues to be resolved and the dismissal of relator's petition without a hearing was proper. *Com. ex rel. Scheid v. Day,* 181 Pa. Superior Ct. 39, 121 A. 2d 898.

The order of the court below dismissing relator's petition is affirmed.