## Commonwealth ex rel. Spencer v. Banmiller

*Nathaniel R. Spencer*, p. p., for relator.

*Dominick Vitullo* and *Juanita Kidd Stout*, Assistant district attorneys, *James N. Lafferty*, First Assistant District Attorney, and *Victor H. Blanc*, District Attorney, contra.

HAGAN, P. J., March 19, 1958.—Relator filed a petition for writ of habeas corpus, which was refused by the writer of this opinion. Thereafter, relator filed an appeal with the Superior Court, and this opinion is written in accordance with rule 43 of the Superior Court rules.

Relator was tried in the Court of Quarter Sessions of Philadelphia County on July 1 and 2, 1954, by Judge Sloane and a jury, upon bills of indictment nos. 468 to 473, inclusive, April sessions, 1954. Relator was found guilty on all six bills, three charging relator with robbery, one with conspiracy, one with larceny and receiving stolen goods and one with unlawful posession of firearms. Relator was sentenced on two of the robbery bills: No. 469, committed upon one Samuel Skversky, and no. 471, committed upon one Samuel Cohen. The sentence upon each of these bills was 10 to 20 years, to run consecutively. Sentence was suspended on all of the other bills. The facts adduced at the trial, upon which the above sentences were predicated, revealed that on February 5, 1954, several men held up and robbed at gunpoint a number of employes of United Provision Company, located at 221 Noble Street, Philadelphia. Two of the victims from whom money was forcibly taken were Samuel Skversky and Samuel Cohen. Several of the persons present when the robbery was committed positively identified relator, Nathaniel R. Spencer, as one of the robbers, and a confes-

sion signed by relator was also introduced in evidence. Relator testified in his own behalf and repudiated the confession. He also presented an alibi defense.

The various grounds asserted by relator in support of his petition will be discussed seriatim.

The first reason assigned by relator raises a question of merger; that is, he contends that he was sentenced separately for two offenses which arose from the same transaction. It is well settled, however, that: " 'The true test of whether one criminal offense has merged into another is *not* (as is sometimes stated) whether the two criminal acts are "successive steps in the same transaction" but it is whether one crime *necessarily involves* another, as, for example, rape involves fornication, and robbery involves both assault and larceny.' See, also, Com. v. McCusker, 363 Pa. 450, 457, 70 A. 2d 273; Com. v. Comber, 374 Pa. 570, 584, 97 A. 2d 343. To the same effect, see Com. v. Moon, 151 Pa. Superior Ct. 555, 30 A. 2d 704; Com. v. Moss, 173 Pa. Superior Ct. 367, 98 A. 2d 372; Com. ex rel. Comer v. Claudy, 174 Pa. Superior Ct. 494, 498, 102 A. 2d 227": Commonwealth v. Ray, 177 Pa. Superior Ct. 154, 160. Applying the above test to the instant case, while the robbery of the two separate victims may have been successive steps in the same transaction, one did not necessarily involve the other. Therefore it is clear that separate sentences were correctly imposed.

Relator's second point is that the various bills of indictment upon which he was tried were improperly consolidated at the trial, since they charged separate offenses. This argument is, of course, the antithesis of relator's first argument. Furthermore, since all of the crimes with which relator was charged arose from the same series of acts, it was clearly within the discretion of the trial judge as to whether or not they should be consolidated: Commonwealth v. Kloiber, 378 Pa. 412; Commonwealth v. Aiello, 184 Pa. Superior Ct. 353.

Relator's third point is that the trial judge erred in not asking relator whether or not he had anything to say before pronouncing sentence. This, of course, is a requirement only in capital cases: Commonwealth ex rel. Brogan v. Banmiller, 184 Pa. Superior Ct. 552; Commonwealth ex rel. Alexander v. Banmiller, 184 Pa. Superior Ct. 554.

Relator's final contention is that it was error not to grant him a hearing upon his petition for a writ of habeas corpus. Since, however, no factual issues were presented by relator's petition, it was not necessary that a hearing be granted. See Commonwealth ex rel. Cuniff v. Cavell, 185 Pa. Superior Ct. 128.

For the foregoing reasons, relator's petition for a writ of habeas corpus was properly refused.