## Commonwealth ex rel. Smythe v. Rundle

*Charles Smythe*, p.p., relator.

*Charles J. Bogdanoff*, assistant district attorney, for respondent.

SPORKIN, J., February 25, 1963.—This matter came before the court on a petition by relator Charles Smythe, for a writ of habeas corpus to obtain his release from the Eastern State Correctional Institution at Philadelphia, where he is serving a sentence of seven and one-half to fifteen years.

The record discloses that relator, Charles Smythe, came to trial before the Honorable Harold D. Saylor, Specially Presiding, and a jury, on March 26, 1962, on eleven bills of indictment, nos. 1411 through 1421 inclusive, May sessions, 1961.[1] Relator was convicted on five bills: bill no. 1412, charging incest; bill no. 1414, charging assault and battery, aggravated assault and battery, assault and battery with intent to ravish, and rape; bill no. 1416, charging indecent assault; bill no. 1419, charging contributing to the delinquency of a minor; and bill no. 1421, charging corrupting the morals of a minor child. The sentence he is now serving, seven and one-half to fifteen years, was imposed on bill no. 1414. Sentence, however, was suspended on the remaining four bills,[2] nos. 1412, 1416, 1419 and 1421.

As grounds for his release from imprisonment, relator alleges that his arrest was unlawful and improper and violative of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United

---

[1] All bills charge relator with sex offenses upon Sandra Smythe, his minor daughter, aged sixteen. Six of the bills, nos. 1411, 1413, 1415, 1417, 1418 and 1420, charge the offenses to have been committed on April 5, 1959; and the remaining five bills, nos. 1412, 1414, 1416, 1419 and 1421, charge March 5, 1961, as the date of the alleged offenses.

At the commencement of the trial, on motion of counsel for defendant (relator), bills nos. 1411, 1413, 1415 and 1417 (misdemeanors) were quashed on the ground that the limitations period had expired. Defendant (relator) was found not guilty on bills nos. 1418 and 1420, apparently a directed verdict, also because of the running of the statute.

[2] Following his conviction, relator was also sentenced on bill no. 1412 to a term of not less than two and one-half years nor more than five years, to run concurrently with the sentence imposed on bill no 1414. The two and one-half to five year sentence was reconsidered and vacated, and sentence was suspended on bill no. 1412, so that in effect relator is now serving a sentence of from seven and one-half years to fifteen years imposed on the bill of indictment charging rape.

States of America, and alleges that: he was forcibly awakened in the early morning hours of March 5, 1961, by four police officers who entered his apartment, placed him under arrest, and forced him, against his will, to leave his legal residence and accompany the officers to a police district, where he was incarcerated until a hearing on the following day, and further alleges that he was subjected to this arrest "without a warrant of oath or affirmation to show cause and probable cause, particularly describing the place to be searched." As further authority for the right to be discharged from his present incarceration, relator cites Mapp v. Ohio, 367 U. S. 643 (1961).[3]

A careful reading of the transcript of the testimony indicates that relator's daughter, Sandra, awakened a neighbor living in the same building wherein the apartment of relator was located, informed the neighbor that her father had forcibly, and against her will, and under threats, committed rape upon her; that the neighbor took her to the nearest police station, and that the police officers returned to the premises, placed relator under arrest, and took him into custody.

The record discloses that petitioner was represented at the trial by competent counsel who did not raise the questions which are the basis of the petition now before us.

We are of the opinion that the evidence amply warranted the guilty verdicts by the jury. The credibility of the witnesses and the weight to be given to their testimony were matters solely for the jury: Commonwealth v. Chambers, 367 Pa. 159 (1951) ; Commonwealth v. Blauvelt, 186 Pa. Superior Ct. 66 (1958).

A writ of habeas corpus cannot be resorted to or used as a substitute for an appeal or writ of error, or

---

[3] The holding of Mapp is completely irrelevant to the issues in this case. The instant case does not involve any question as to the use of any evidence alleged to have been obtained through an illegal search and seizure.

for a motion for a new trial: Commonwealth ex rel. Johnson v. Myers, 402 Pa. 451 (1961); Commonwealth ex rel. Gouch v. Myers, 196 Pa. Superior Ct. 285 (1961); Commonwealth ex rel. Corbin v. Banmiller, 391 Pa. 265 (1958); Commonwealth ex rel. Kennedy v. Mingle, 388 Pa. 54 (1957); Commonwealth ex rel. Jackson v. Day, 179 Pa. Superior Ct. 566 (1955).

Nor can it be used to reexamine matters of fact passed on by the jury at the trial or by the trial judge sitting without a jury: Commonwealth ex rel. Geiger v. Burke, 371 Pa. 230 (1952). Nor can it be used to question the sufficiency or insufficiency of the evidence to sustain a conviction: Commonwealth ex rel. Marelia v. Burke, 366 Pa. 124 (1950).

Even admitting, arguendo, the correctness of relator's complaint that this was an illegal arrest, petitioner would not be entitled to be discharged under the petition before us since it has been repeatedly held that: "An illegal arrest, even if excessive force were used, does not, without more, amount to a denial of due process or furnish grounds, after conviction, for discharge on a writ of habeas corpus": Commonwealth ex rel. Garrison v. Burke, 378 Pa. 344, 349 (1954).

"The law is equally well settled that the illegality of arrest is not ground for the issuance of a writ of habeas corpus after conviction. Commonwealth ex rel. Burge v. Ashe, 168 Pa. Superior Ct. 271, 77 A. 2d 725 (1951); Commonwealth ex rel. Garrison v. Burke, 378 Pa. 344, 106 A. 2d 587 (1954)": Commonwealth ex rel. Koffel v. Myers, 184 Pa. Superior Ct. 270, 273 (1957).

The record does not disclose whether the police officers entered the premises and arrested the relator with or without a warrant. He was arrested on the charge of rape, and whether the officers had a warrant or not is of no consequence. "It has long been the settled law in this State that a police officer, or even a private citizen, may arrest for felony without a warrant": Com-

monwealth ex rel. Spencer v. Ashe, 364 Pa. 442, 445 1950. See also Commonwealth ex rel. Schuch v. Burke, 174 Pa. Superior Ct. 137 (1953) ; Commonwealth v. Pittman, 200 Pa. Superior Ct. 1, 6 (1962). There is nothing in this record to indicate that the entry on the premises was for any purpose other than to arrest relator on the charge of rape.

The complaints of relator are wholly without merit. We are convinced that relator was afforded all his rights and given a fair and impartial trial, and was not denied due process of law. Since no factual issues were presented by relator's petition, it was not necessary that a hearing be granted.[4] Accordingly we discharged the rule and dismissed the petition.

---

[4] Where questions of law solely are involved, it is not necessary that testimony be taken: Commonwealth ex rel. Cuniff v. Cavell, 185 Pa. Superior Ct. 128 (1958) ; Commonwealth ex rel. Berry v. Tees, 177 Pa. Superior Ct. 126 (1955). "Where the petition itself or where the record upon which it is based or both together fail to clearly make out a case entitling a relator to the relief afforded by habeas corpus, a hearing is not necessary," and petition is properly dismissed: Commonwealth ex rel. Comer v. Maroney, 178 Pa. Superior Ct. 633, 638 (1955). See also Commonwealth ex rel. Elliott v. Baldi, 373 Pa. 489 (1953).