## Commonwealth ex rel. McDaniel v. Myers

*Richard McDaniel*, p. p., relator.

*Arlen Specter*, for respondent.

SPORKIN, J., September 11, 1963.—Relator, Richard McDaniel, presented a petition[1] for a writ of habeas corpus to obtain his release from State Correctional Institution of Graterford, where he is presently incarcerated. A rule to show cause was allowed,[2] returnable before the writer of this opinion.

Upon examination and consideration of the petition and the trial record, we concluded that there were no

---

[1] The petition was presented by relator in propria persona.

[2] Answers were filed by the respondent, David N. Myers, Superintendent State Correctional Institution of Graterford, and the District Attorney of Philadelphia County.

factual issues requiring the taking of testimony, and accordingly a hearing was had on May 29, 1963, only on the legal issues involved.[3]

The record discloses that on June 28, 1961, relator came to trial before the Honorable Earl Chudoff and a jury, on two bills of indictment: one charging aggravated robbery, and the other conspiracy to commit robbery; that relator was convicted on both bills; that no motion for a new trial was filed, nor was an appeal taken; and relator was sentenced to a term of not less than 5 nor more than 10 years.[4] Relator's petition on which the rule issued alleges three principal reasons why relator should be discharged under the writ: first, that his conviction was based on false and perjured testimony; second, that the notes of testimony taken at the preliminary hearing were withheld from him, and that these notes (if made available to him at trial) could have been introduced by relator to reveal that the testimony of the Commonwealth's witnesses was perjured; and third, that relator was deprived of due process of law in violation of the Fourteenth Amendment of the United States Constitution.

We see no merit in relator's first complaint. A careful reading of the entire record discloses no contradictions in the testimony of any of the Commonwealth's witnesses which could support a charge of perjury. The oral statements under oath given by James Dow (the robbery victim), officer Lemmo, and detective

---

[3] The production of relator in court on such a hearing is not necessary: Commonwealth ex rel. Cuniff v. Cavell, 185 Pa. Superior Ct. 128 (1958); Commonwealth ex rel. Burge v. Ashe, 168 Pa. Superior Ct. 271 (1951); Commonwealth ex rel. Wolcott v. Burke, 173 Pa. Superior Ct. 473 (1953); Commonwealth ex rel. Haines v. Burke, 173 Pa. Superior Ct. 477 (1953).

[4] Upon reconsideration, the minimum sentence was reduced from five to two and one-half years, which is the minimum sentence relator is now serving.

Bresnahan, before the magistrate, in our opinion were not in conflict with testimony given by them at the trial. Indeed, if the transcript of the testimony taken at the preliminary hearing had been introduced at trial, not only would it have failed to support a charge of perjury, but rather would have served only to fortify the credibility of the prosecution witnesses.

Even assuming, arguendo, that the Commonwealth's witnesses committed perjury, such a question cannot be properly raised by a petition for writ of habeas corpus. It is well settled that allegations of perjury cannot be considered on habeas corpus proceedings: Commonwealth ex rel. Luzzi v. Tees, 176 Pa. Superior Ct. 528 (1954) ; Commonwealth ex rel. Koleg v. Ashe, 140 Pa. Superior Ct. 215 (1940).

Relator's second contention is likewise without merit. It is significant to note that relator was represented by able counsel prior to and during the entire course of his trial. Nowhere does it appear of record that relator or his counsel attempted to secure the notes of testimony of the preliminary hearing, either by request of, or motion to, the trial judge. Had the latter course been pursued and the decision been adverse, this complaint, at best, would have constituted an error committed during trial. It is well established that a habeas corpus petition is not the proper remedy for correction of trial errors which could have been the subject of an appeal, nor can it be utilized as a substitute for an appeal, nor for a writ of error, or for a motion for a new trial: Commonwealth ex rel. Johnson v. Myers, 402 Pa. 451 (1961) ; Commonwealth ex rel. Ketter v. Day, 181 Pa. Superior Ct. 271 (1956) ; Commonwealth ex rel. Jones v. Day, 181 Pa. Superior Ct. 37 (1956).

As to the third complaint, we found there was no deprivation of due process nor violation of relator's constitutional rights. It has been held in our courts

that in order to support the granting of a writ of habeas corpus, where it has been alleged that there was a denial of due process, the petitioner must show that an ingredient of unfairness operated in the process that resulted in his conviction: Commonwealth v. Kadio, 179 Pa. Superior Ct. 196 (1955); Commonwealth ex rel. Popovich v. Claudy, 170 Pa. Superior Ct. 482 (1952); Commonwealth ex rel. Diggs v. Banmiller, 191 Pa. Superior Ct. 101 (1959). It was our opinion that relator was accorded a full and fair trial, that his rights were duly protected under the Constitutions of the United States and Pennsylvania, and that no "ingredient of unfairness" such as would violate due process, was manifest.

In conclusion, we determine that all of relator's complaints, whether considered singly or collectively, were without merit; that his conviction and sentence were predicated upon evidence which was wholly credible, competent and legal; that the trial proceedings afforded him all of his constitutional rights; and that no substantial question was presented as to these matters.

Accordingly, we discharged the rule and dismissed relator's petition.