Commonwealth *v.* Buchanan, Appellant.

Argued June 16, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

*Vincent J. Ziccardi,* Defender, with him *John W. Packel,* Assistant Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *J. Bruce McKissock,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 30, 1971:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:
Appellant was tried before the court below without a jury and found guilty of assault and battery with intent to ravish. Appellant's oral motions in arrest of judgment and for a new trial were denied and this appeal followed.

The sole issue presented on appeal is whether the evidence was sufficient to support the conviction.

The complaining witness testified at trial that on the evening of February 11, 1970, appellant attacked her and knocked her to the street. A struggle ensued. Appellant told the victim, "Be quiet and you won't get hurt", and then "Shut up or I'll kill you." Appellant appeared to the victim to be under the influence of

liquor or drugs. A witness testified that he observed appellant over the victim on his knees, straddling her. This witness struck the appellant several times, causing him to run away. There was no evidence introduced which showed that the victim's clothing was torn, removed or pushed aside, or that appellant touched any private part of her. Furthermore, no evidence was introduced that showed that appellant either exposed himself or used any language which would suggest an intended sexual assault.

The crime of assault and battery with intent to ravish requires the specific intent to have unlawful carnal knowledge, forcibly and against the will of the victim. Act of May 12, 1966, Special Sess. No. 3, P. L. 84, §1, 18 P.S. §4722; *Commonwealth v. Moss*, 173 Pa. Superior Ct. 367, 371, 98 A. 2d 372, 374 (1953). This specific intent must be proved beyond a reasonable doubt. The trier of fact cannot speculate or conjecture as to the intention of the accused; rather, the subjective intent must be proved by objective facts. In other words, to warrant a verdict of guilty, the conduct of the appellant "must have been such as to justify the inference that he intended forcibly and against the will of the young woman to have unlawful carnal knowledge of her." *Commonwealth v. Jaynes*, 137 Pa. Superior Ct. 511, 516, 10 A. 2d 90, 92 (1939) ; See *Commonwealth v. Austin*, 212 Pa. Superior Ct. 297, 243 A. 2d 193 (1968) (HOFFMAN, J., dissenting) and cases cited therein.

There is no indication in the instant case that the force applied to the victim was an attempt to rape her. The connection between the Commonwealth's evidence in this case and the necessary element of specific intent to have carnal knowledge is too tenuous to support a finding of guilt.

I would, therefore, reverse the judgment of the lower court and order a new trial.